## SEVERANCE v NORTON

Ohio Appeals, 6th Dist, Lucas Co
No 2473. Decided Feb 23, 1931

Brady, Yager, O'Connor, Bebout & O'Connor, Toledo, for Severance.

Taber, Chittenden & Daniels, Toledo, for Norton.

JUSTICE, P. J., CROW & KLINGER, JJ. (3rd Dist) sitting.

upon cross-examination, that he knew, just prior to the time he attempted to go around defendant's automobile, that defendant intended to make a left hand turn into Brunley Drive, but it is also true that plaintiff testified, both in chief and upon cross-examination, that he did not know that defendant intended to make such a turn. Manifestly the jury had the right to disbelieve such portions of plaintiff's testimony as it saw fit to do. Questions of fact are for the triers of the facts—in the instant case, the jury.

Painesville Utopia Theatre Co. vs. Lautermilch, 118 Oh St 167;

Cincinnati Street Railway Co. vs. Snell, 54 Oh St 197.

It occurs to us that further comment is unnecessary as, clearly, the trial court should have submitted the case to the jury under proper instructions.

Entertaining these views, it follows that the judgment of the court of common pleas should be reversed.

Crow and Klinger, JJ, concur.

## THATCHER v WINTERS

Ohio Appeals, 6th Dist, Lucas Co

No 2485. Decided Feb 24, 1931

JUSTICE, PJ.

One claim of error is presented, namely: In sustaining defendant's motion for a directed verdict and in entering a judgment in his favor.

In order to dispose of this claimed error, we were required to and have read the entire record. It discloses evidence tending to establish actionable negligence on the part of the defendant, and also reveals, upon the issue of contributory negligence, a variety of circumstances from which different minds may reasonably reach different conclusions. In such a state of the record it was wrong for the trial court to direct a verdict for the defendant, for that by so doing it cleraly invaded the province of the jury.

Ellis & Morton vs. Ohio Life Insurance Co., 4 Oh St 644;

Gibbs vs. Village of Girard, 88 Oh St 35.

It is insisted, however, that plaintiff's admissions while testifying bars his right to a recovery. With this contention we are not in accord. It is true, plaintiff testified,