## CHRISTIAN v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11855. Decided Feb 24, 1932

Anderson and Lamb, Cleveland, for plaintiff in error.

Squire, Sanders and Dempsey, Cleveland, for defendant in error.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist), sitting.

BLOSSER, J.

The court directed a verdict for the defendant no doubt on the theory that the plaintiff was guilty of contributory negligence in that it was his duty to have sounded his bell before attempting to pass the bus. On a motion to direct a verdict it is the duty of the court to give to the evidence of the plaintiff the most favorable interpretation. In the case of **Pope, Admx v Mudge et, 108 Oh St 192**, it is held:

"1. It is error for the court to direct a verdict against the plaintiff, where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegations of the petition.

2. If, in ruling upon a motion to direct a verdict, the court is required to detect the truth from conflicting evidence of the same or different witnesses, the motion should be overruled."

In the case of **Trentman v Cox, 118 Oh St, 247**, it is said:

"In considering whether the pedestrian, Addison D. Cox, plaintiff below, was guilty of contributory negligence as a matter of law, all facts in the record, or inferences to be drawn therefrom, must be resolved in his favor."

In the case of **Babbitt v Say, Admr, 120 Oh St 177**, it is held:

"1. In the trial of an action for damages for death by wrongful act, upon a motion being made by defendant for a directed verdict at the close of plaintiff's case, upon the ground of the contributory negligence of the decedent, the evidence should be given the most favorable interpretation in behalf of plaintiff, and if a reasonable inference may be drawn from such evidence that the decedent was exercising due care, such motion should be overruled and the question of contributory negligence submitted to the jury under proper instructions."

To the same effect is **Gibbs v Village of Girard, 88 Oh St, 34.**

There was evidence on behalf of the plaintiff that the driver of the bus failed to keep to the right of 131st Street as he approached the street intersection, did not make a military turn, did not give any signal of his intention to turn, did not slow

down and that he cut the corner and kept to the left near the curb. This evidence tended to show that the driver of the bus violated the city ordinances as claimed by the plaintiff. This evidence tended to prove that the driver of the bus also violated §6310-22 GC which provides that

"Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle."

It also tended to prove that the driver of the bus violated §6310-24 GC which provides:

"Vehicles turning to the left into another road or highway shall pass to the right of and beyond the center of the intersection before turning."

Under this evidence of the plaintiff the acts of the driver of the bus indicate that he was guilty of such negligence as would permit a recovery on the part of the plaintiff unless the plaintiff was guilty of contributory negligence.

Sec 6310-19 GC provides:

"A vehicle overtaking another vehicle shall signal to the vehicle to be overtaken and such vehicle shall immediately turn to the right to give the overtaking vehicle room to pass."

The plaintiff admitted that he did not ring his bell or give any signal as he overtook the bus. Can it be said that the plaintiff was guilty of contributory negligence as a matter of law? The plaintiff stated that as he approached the bus he had no idea that the bus was going to turn. He had a right to assume that in the absence of any signal from the bus driver the bus would proceed straight ahead. While his evidence was to the effect that he intended to pass the bus he does not state just when that would take place. There is nothing in the record to indicate that if he had sounded his horn it would have been heard by the driver of the bus or that it would have been effective. What was the exact time at which the plaintiff should have sounded his horn? He had not yet passed the bus. Can the court say as a matter of law that he should have sounded his horn when he was within fifteen feet of the rear of the bus? We do not think so. He stated that he tried to turn with the bus. By reason of the negligent acts of the bus driver the plaintiff was forced into a position that he could not turn to the left on account of the curb. Neither could he go forward nor to the right on account of the bus. It was not for the court to say that the conduct of the plaintiff was such that as a matter of law it precluded his recovery. As has been stated by our Supreme Court in the cases already cited, it was the duty of the court to submit that question to the jury under proper instructions.

The same question was before the Court of Appeals for Lucas County where it was held:

"Where the record discloses negligence on the part of the defendant, and also reveals, upon the question of contributory negligence, a variety of circumstances from which different minds might reach different conclusions, it is error for the court to direct a verdict for the defendant."

Severance v Norton, 1931 Law Abstract, page 469. (9 Abs 469).

The instant case is stronger for the plaintiff than the case referred to. In this case there are a number of circumstances indicating negligence, and it became necessary to decide what was the proximate cause of the collision. That was a question to be decided by the jury under proper instructions from the court. The court erred in directing a verdict for the defendant, and for that reason the judgment is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and MIDDLETON, J, concur.