## J. B. FITCH, APPELLANT, v. ELKO COUNTY, RESPONDENT.

SHERIFF'S FEES IN DELINQUENT TAX SUITS. A sheriff cannot collect from a county his fees in delinquent tax cases commenced previous to the act of March 1, 1871, which provides for suits in which his fees shall under certain circumstances be so paid (Stats. 1871, 93)—such act not having any retroactive effect.

DELINQUENT TAX SUITS—WHEN FEES PAYABLE BY COUNTY. The act of March 1, 1871, amending the revenue laws in reference to delinquent tax suits (Stats. 1871, 93), contemplates the payment of fees out of the county treasury only in cases in which suits are brought by direction of the county commissioners.

STATUTORY CONSTRUCTION—PLAIN OBJECT OF LAW. Where the object of the legislature is plain and the language unequivocal, effect should be given to the intent of the law-makers.

NEW STATUTES APPLY TO NEW CASES. New statutes apply only to new cases, unless the contrary expressly appears.

APPEAL from the District Court of the Ninth Judicial District, Elko County.

The facts are stated in the opinion.

*Ellis & King*, for Appellant.

The statute of 1871 amended the law of 1866, as well as Sec. 38 of that of 1864–5. The latter named section especially related to fees of officers; the law of 1866 in part to the same thing. The law of 1871 cannot stand if the law of 1866 does. Besides this, the judgment here and the sale of the property took place after the law of 1871 was enacted. Hence as to questions of costs and fees the law of 1871 must govern. The intent of the legislature is plain from the letter of the statute: but if not, all the provisions must be construed *in pari materia*, in which event the result is the same. *Thorp* v. *Schooling*, 7 Nev. 15.

The legislature had the power to regulate the disposition of the matter of costs in tax sales, and as to how the county would pay; and hence the argument that the statute of 1871 cannot apply to suits commenced before its passage but under which sales were made to the county after its passage does not apply to this case. It could not have been known, when these suits were commenced, that the county would be a purchaser at delinquent tax sale; and hence, as the statute plainly provides, the date of the sale and of the purchase by the county determines the applicability of the law of 1871 to questions of costs and the manner of payment, and not the time of the commencement of the action.

*Lucas & Bigalow*, for Respondent.

I. The complaint shows that the tax suits were commenced prior to the passage of the statute of March 1, 1871, under which appellant claims, and that the county commissioners never did nor could they have ordered the tax suits in accordance with such statute. Consequently the statute of 1871, making the county liable for costs in tax suits, can not apply to the cases mentioned in the complaint. The statute

must be construed as a whole and can only apply in cases where all the provisions and checks of said statute can take effect.    Stats. 1871, 93, Secs. 1 and 2; *Oakland* v. *Whipple*, Cal. July Term, 1872; *Roony* v. *Buckland*, 4 Nev. 56; *Maynard* v. *Johnson*, 2 Nev. 27.    The statute refers to cases where counties purchase under its provisions and not to purchases made by the treasurer in trust for the State, county and officers under the statute of 1866.

By the Court, BELKNAP, J.:

Under authority conferred by the twenty-ninth section of the "act to provide revenue for the support of the government of the State of Nevada," approved March 9, 1865, the district attorney of the County of Elko, on the 30th day of December, 1870, commenced actions in the name of the State of Nevada for the recovery of delinquent taxes assessed against certain real estate and improvements situate in said county, and against the owners thereof.    Thereafter judgments were entered against the defendants and executions issued, and on the sixth day of April succeeding the real estate was subjected to sale in the manner provided by statute for the sale of property for delinquent taxes (Stats. 1866, 161), and was bought in by the county treasurer in trust for the State and county.    So the district court finds; and by that finding we are bound, as this case is presented.

The appellant, the sheriff of Elko County during the period embraced by these transactions, brought suit in the court below for the recovery of his fees in these tax suits and sales, amounting to $6998 40.    From a judgment for defendant and an order denying a motion for a new trial this appeal is taken.

The act of 1865 in its original form and as it stood at the commencement of these suits authorized and directed the district attorney to commence them, and provided that "no fees or costs should be paid to any officer unless the same

be collected from the defendant." This act was amended March 1, 1871. The amended section re-enacts the direction to district attorneys to bring suits for delinquent taxes, but provides that "before commencing any suit for the collection of delinquent taxes the district attorney shall submit to the board of county commissioners, at a meeting of said board to be held for that purpose on the second Monday in December in each year, the delinquent list showing the several amounts of taxes then delinquent, and from whom due; and said board of commissioners shall then, or at such time thereafter as they may deem proper, direct suits to be commenced for the collection of such sums then delinquent as they may in their judgment deem expedient; and no suit for the collection of delinquent taxes shall be commenced except by the direction of said board;. * * * * * * * * * * * * * *." And the act was further amended by providing that when property sold for taxes is purchased by the county, all fees and costs properly charged or taxed against such property shall be allowed by the board of county commissioners and paid out of the general fund of the county.

The amendment of 1871 obviously contemplates the payment of fees out of the county treasury in cases only in which suits are brought by direction of the commissioners. The language employed completely demonstrates that object, and it is a fundamental maxim in the interpretation of statutes that when the object of the legislature is plain and the language unequivocal effect should be given to the intent of the law-makers. We are clearly of opinion that the amendment did not contemplate such a case as this, in which the tax suits were commenced without the authority of the county commissioners.

But disregarding the requirements that these suits be brought with the sanction of the commissioners the plaintiff can not recover. It is a rule of statutory construction that new statutes apply to new cases unless the contrary expressly appears: therefore we must presume that had the legislature

intended to have given a retroactive effect to the amendment, that intention would have been unmistakably expressed. Upon this principle the case of *Gilmore* v. *Shuter*, 2 Lev. 227, was decided. The statute of frauds (29 Car. II) provided " that after the 24th of June, 1677, no action shall be brought upon any promise in consideration of marriage without a writing testifying the same;" and an action was brought upon a verbal promise made before that date. It was held that the action lay and that the statute extended only to promises made after the 24th of June. In *Moon* v. *Durden*, 2 Exch. 22, under a statute which declared "that no suit shall be brought or *maintained* in any court of law or equity for recovering any sum of money or valuable thing alleged to be won upon a wager," the court held that the statute should not be so construed as to defeat an action brought before its passage.

In these cases the inquiry of the courts was only to the intention of the legislature. Being enactments of the British parliament in the exercise of its unlimited authority no judicial question of their validity could arise.

This rule of construction has been constantly followed by the courts of this country. Said Monell, J., in *Trist* v. *Cabanas*, 18 Abbott's Pr. R. 145: " When the statute is silent it must be presumed that it was the intention to limit its operation to the period of time when it took effect, and to fasten its provisions only upon such proceedings as might be commenced thereafter." See also, *Dash* v. *Van Kleeck*, 7 Johns. 479; *Hastings* v. *Lane*, 3 Shep. 134; *Garrett* v. *Wiggins*, 1 Scam. 335; *Perkins* v. *Perkins*, 1 Conn. 558; *Prince* v. *United States*, 2 Gall. 204. The injustice of a retroactive construction of this amendment is illustrated by the fact that proceedings for the sale of real estate for delinquent taxes for the fiscal year 1870 might have been and in some cases possibly were concluded before the amendment became a law. No provision in such case is made to pay the officer's fees out of the general fund of the county. So unfair a discrimination can not be attributed to the legislature.

Whether this enactment be considered by the rule that statutes are to operate *in futuro* unless the contrary plainly appears, or that the intent of the legislature when fairly manifested must govern—in either case the right of the plaintiff to recover must be denied.

Judgment affirmed.