GRAHAM v. WILSON.

1. GIFTS—INTER VIVOS—BILLS AND NOTES—CERTIFICATES OF STOCK.
   In maker's suit to restrain executrix and residuary legatee from making sale pursuant to 2 Comp. Laws 1929, § 9561 et seq., of certificates of stock given as security for note to testatrix, evidence held, insufficient to establish gift inter vivos of stock where there was neither transfer nor delivery.

2. EXECUTORS AND ADMINISTRATORS—AGREEMENT TO LEAVE PROPERTY AT DEATH—CONSIDERATION.
   In suit by maker of note to restrain executrix and residuary legatee from selling collateral security, consisting of certificates of stock, pursuant to 2 Comp. Laws 1929, § 9561 et seq., even if evidence is construed in light most favorable to plaintiff that testatrix promised to make provision for return of certificates in event she predeceased plaintiff, such agreement was without consideration and unenforceable.

3. CORPORATIONS—TRANSFER OF STOCK—SPECIFIC PERFORMANCE.
   Transfer of unindorsed certificates of stock by maker of note as security for payment thereof held, not incomplete, in maker's suit against executrix and residuary legatee of payee's estate to restrain sale of security pursuant to 2 Comp. Laws 1929, § 9561 et seq., since obligation to complete transfer by indorsement may be specifically enforced (2 Comp. Laws 1929, §§ 9528, 9537).

Appeal from St. Clair; Robertson (William), J. Submitted June 12, 1935. (Docket No. 118, Calendar No. 38,468.) Decided September 9, 1935.

Bill by Ella M. Graham against Belle M. Wilson, individually and as residuary legatee and executrix òf the last will and testament of Frances A. Randall, deceased, to enjoin the sale of collateral security on a promissory note, to set aside a note and for other relief. Decree for plaintiff. Defendant appeals. Reversed.

*Cady & Pepper* (*Samuel D. Pepper,* of counsel), for plaintiff.

*James F. Duffy* (*George M. Lehman,* of counsel), for defendant.

BUTZEL, J. Plaintiff pledged 101 shares of common and 17 shares of preferred stock in the United States Steel Corporation as security for a loan of $5,000 made to her by a Port Huron bank. Plaintiff was a niece of Frances A. Randall, who visited at her home the early part of July, 1932. Mrs. Randall loaned her $5,000 to pay off the bank. Plaintiff wrote out and delivered to Mrs. Randall a note reading as follows:

"Port Huron, Michigan, July 5, 1932.
"One year after date, for value received, I promise to pay to the order of Frances A. Randall ........ $5,000. Five .................. Dollars with interest at 6 per cent. per annum until due.
"ELLA M. GRAHAM.
"Collateral held 101 shares common U. S. Steel stock and 17 shares preferred stock."

The note was entirely in Mrs. Graham's handwriting, including the following words indorsed on the back of the note: "Int. due Jan. 5, 193—, $150."

Plaintiff delivered to Mrs. Randall the stock certificates several days later. Evidently the money borrowed by plaintiff was used by her to pay the bank, whereupon the stock certificates were returned to her and she in turn mailed them to Mrs. Randall. Upon their receipt they were lodged in Mrs. Randall's safety deposit box. The latter died December 1, 1932, leaving a last will and testament which was duly admitted to probate. It designates Belle M. Wilson as residuary legatee and as executrix. The note and stock certificates were found in the safety deposit box. The certificates were unindorsed and unaccompanied by any assignment or power of attorney.

Upon plaintiff's failure to pay the note, and after an unsuccessful effort in her behalf to substitute real estate as security for the stock, Mrs. Wilson gave notice of the sale of the stock in accordance with the provisions of 2 Comp. Laws 1929, § 9561 et seq. Thereupon Mrs. Graham filed the instant bill of complaint against Mrs. Wilson individually and as residuary legatee and executrix of the last will and testament of Mrs. Randall's estate. She alleges that Mrs. Randall agreed at the time the loan was made that it would not be necessary for her to indorse the stock certificates; that they were to be left with Mrs. Randall and returned to plaintiff in the event that Mrs. Randall should predecease her. The court enjoined the sale, ordered the return of the certificates to plaintiff, but made no finding in regard to the note or the indebtedness.

A review of the testimony indicates that the court was in error. It is claimed in the bill of complaint

that the loan was a gift which was to become operative and absolute upon the death of Mrs. Randall. The note speaks for itself. There is testimony showing that there may have been some discussion in regard to a gift, or of a testamentary disposition of the debt. It could not be a gift *inter vivos* as there was neither transfer, delivery, nor other conditions necessary to constitute such a gift. See *Shepard* v. *Shepard,* 164 Mich. 183. There is no claim that it was a gift *causa mortis*. Regarding the testimony in the most favorable light in plaintiff's behalf, and disregarding the fact that an endeavor was made to substitute other collateral for the stock after Mrs. Randall's death, at most it was a promise that Mrs. Randall would by will or some other manner, make provision for the return of the certificates in the event of her death prior to that of plaintiff. Mrs. Randall did not change her will, although she lived six months after the loan was made. Even had such an agreement been made, it was without consideration, unenforceable and of no legal effect.

Plaintiff claims, however, that as the stock certificates are unindorsed, the transfer is incomplete. Defendant filed no cross-bill and only asked that the bill be dismissed. The transfer can be completed by following the provisions of 2 Comp. Laws 1929, §§ 9528, 9537.

The decree of the lower court is set aside and one will be entered dismissing the bill, with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.