## *In re* ESTATE OF BLISS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RES JUDICATA.
   Question of whether or not first "final" account, filed by executor in probate court, duly approved and not appealed from, became *res judicata* is not decided on appeal from second "final" account where deduction of balance due on note given by legatee was the same in each account.

2. GIFTS—WILLS—BILLS AND NOTES.
   Letter found in testatrix's safety deposit box addressed to her children and expressing wish that one of them, maker of a note, should have the note, *held,* neither a will nor a gift *inter vivos,* an absolute and unconditional renunciation provided for in 2 Comp. Laws 1929, § 9371, not having been made.

3. WILLS—LEGACIES—BILLS AND NOTES.
   Balance due on note *held,* properly deducted from legacy to maker where note was not returned to maker, will not changed nor letter of renunciation delivered to maker in period of about three years which intervened after it was written before death of testatrix (2 Comp. Laws 1929, § 9371).

Appeal from Cass; Warner (Glenn E.), J. Submitted June 3, 1936. (Docket No. 38, Calendar No. 38,879.) Decided September 2, 1936.

In the matter of the Estate of Margaret S. Bliss, deceased. From order allowing the final account of Donna V. Schurtz, administratrix with will annexed of the estate of Margaret S. Bliss, deceased, Ada M. Evans appealed to circuit court. Affirmed. Ada M. Evans appeals. Affirmed.

*Elias P. Harmon* (*Ulysses S. Eby,* of counsel), for appellant.

*Carroll B. Jones,* for appellee.

Butzel, J. Margaret S. Bliss died testate on September 20, 1930. In the will duly admitted to probate, she bequeathed $2,000 to her daughter Bertha Carnes and $1,000 to her daughter Ada Evans. A note of $1,000 given to her by her daughter Ada Evans was found in her safety deposit box. It showed a balance due of $500 together with interest from September 1, 1927. The box also contained a letter written in October, 1927, about three years after the execution of her will and also three years previous to her death. It was addressed to her children and read in part:

"My dear Ada. You know I dropped off $500 off the note I have against you for Leon to help him out of trouble and I feel I was helping you. * * * I told you I evened it up as near as I could and so I did. Ada I want you to have that note I hold against you and that will even up with you and Bertha."

There were two accounts filed, both termed "final," and in each of which the sum of $500 together with interest was deducted from Ada's legacy. It is unnecessary to discuss whether the first

"final" account, duly approved of and not appealed from, became *res judicata,* for under the allowance of each account and the orders entered thereon Ada was properly charged with the $500 and interest still due on her note.

An appeal was taken from the last order, Ada claiming that under the terms of the letter, from which we have quoted, the balance of $500 and interest was forgiven and that, therefore, she is entitled to the $1,000 mentioned in the will. The letter found in the safety deposit box was not a will and under no circumstances could be considered as such. It did not constitute a gift *inter vivos.* It was retained by the testatrix, its contents were never revealed to anyone, and could have been destroyed by her at any time. It was not an "absolute and unconditional" renunciation as provided for in 2 Comp. Laws 1929, § 9371. At most, it constituted an attempt to make a testamentary gift and, failing to comply with the statute of wills, was ineffectual. See *Graham* v. *Wilson,* 272 Mich. 574, wherein it was stated under somewhat similar facts, that even if there was an agreement to forgive the debt, it was without consideration, unenforceable and of no legal effect. Mrs. Bliss did not destroy the note or return it to Ada, or deliver the letter of renunciation, or change her will although she lived almost three years after writing the letter found in the safety deposit box.

The judgment of the circuit court affirming the order of the probate court in ordering the amount of the note and interest deducted from Ada's legacy is affirmed, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.