PALMER v. ARNETT.

1. VENDOR AND PURCHASER—MODIFICATION OF LAND CONTRACT.
    A vendor's written agreement, signed by him modifying land
    contract with respect to payments, may be valid under present
    statute, with or without consideration (CL 1948, § 566.1).

2. SAME—PERFORMANCE—DEATH.
    A valid land contract does not fall into the testamentary class
    merely because it is performable after the death of one of
    the parties thereto.

3. SAME—MODIFICATION OF LAND CONTRACT.
    Modification of land contract, written on the seller's copy and
    signed by him and providing that no further payments be
    made thereon at the vendor's decease, was a valid modification
    (CL 1948, § 566.1).

4. ATTORNEY AND CLIENT—CONTRACTS.
    The mere fact of an attorney-client relationship does not create
    a disability between the parties to contract with each other nor
    are such dealings necessarily voidable on account thereof but
    a close scrutiny is especially indicated if the gift or transfer
    was connected with or rose out of the attorney-client relation-
    ship.

5. EQUITY—SETTING ASIDE DEED—ATTORNEY AND CLIENT—MATTERS
    EQUALLY WITHIN KNOWLEDGE OF DECEASED.
    A court of equity ought to closely scrutinize the record in a suit
    by an administrator with will annexed to set aside deed,
    executed by executor to himself and wife personally, when
    there is no claim of fraud, overreaching or wrongdoing, to see
    that no injustice be done to the beneficiary solely because he
    happens to have also been deceased's attorney, especially where

REFERENCES FOR POINTS IN HEADNOTES
[2] 55 Am Jur, Vendor and Purchaser §§ 359, 360.
[4] 5 Am Jur, Attorneys at Law § 48.
[6] 5 Am Jur, Attorneys at Law § 50.

the plaintiff zealously interposes rule barring the defendant from testifying as to matters equally within the knowledge of deceased and prevents defendant from sustaining his burden by his direct testimony (CL 1948, § 617.65).

6. ATTORNEY AND CLIENT—BURDEN OF PROOF—CLAIM OF WRONGDOING. Ordinarily an attorney has the burden of showing the fairness of his dealings with his client and his own good faith in connection therewith, but when there is no claim of wrongdoing, the party seeking to upset the transaction has the burden of showing that the transaction in question arose out of, or pertained to, the relationship, or was connected with the subject matter of litigation which the attorney was handling for the client.

7. DEEDS—ATTORNEY AND CLIENT. Administrator with will annexed *held*, not entitled to have deed set aside that had been executed by executor to himself and wife pursuant to a land contract and modification thereof not shown to have arisen out of attorney-client relation that had existed between defendant and deceased vendor.

Appeal from Kalamazoo; Mosier (Carl D.), J., presiding. Submitted October 18, 1957. (Docket No. 84, Calendar No. 47,268.) Decided March 7, 1958.

Bill by Robert A. Palmer, administrator with the will annexed of the estate of Oliver O. Pickard, against Homer Arnett and Florence L. Arnett to set aside deed and reinstate land contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Stratton, Wise, Early, McDonald & Starbuck* (*Arthur R. Stratton,* of counsel), for plaintiff.

*John M. Pikkaart,* for defendant.

DETHMERS, C. J. Homer Arnett, hereinafter called defendant, is an attorney. He had done legal work and performed personal services for plaintiff's decedent for 10 years prior to the latter's death in 1954.

In 1946 defendant and wife, the other defendant, purchased a home on land contract from decedent. A notation on the seller's copy of the contract, dated November 21, 1953, and signed by decedent, reads:

"At my decease, no further payments shall be made on this contract, and the purchasers or their assigns shall be entitled to a deed."

This contract had been in defendant's possession, was taken by him to decedent at the time the latter signed the notation, and thereafter it continued in defendant's possession. In evidence is an envelope bearing a notation dated June 10, 1953, written by defendant at decedent's direction and signed by the latter, which reads:

"At my decease, any amount owing on the land contract between myself and Homer Arnett and Florence L. Arnett shall be forgiven."

When decedent died testate there remained unpaid on the contract $3,729.47, plus an amount of interest. Decedent left no children or descendants. By will he made certain specific bequests, including one of $1,000 to defendant, and left the residue of his estate to 11 nieces and nephews. Defendant was named executor in the will. As such, he filed an inventory listing the contract as of no value to the estate and thereafter executed a deed in pursuance of the contract conveying title to himself and wife. Later he was removed as executor on the theory that his interests conflicted with those of the estate. The plaintiff was then appointed administrator c.t.a. and brought this action to set aside the deed and reinstate the contract. From decree dismissing the bill of complaint he appeals.

The first question is whether the notation on the contract constitutes a binding agreement, amending the original one, and is therefore valid, warranting

execution of the deed in pursuance thereof, or amounts only to an attempt at testamentary disposition of property and is, accordingly, invalid because of failure to comply with the formal requirements for execution of a will. Contending the latter, plaintiff cites *Culy* v. *Upham,* 135 Mich 131 (106 Am St Rep 388); *Graham* v. *Wilson,* 272 Mich 574; *In re Estate of Bliss,* 276 Mich 689; *Ireland* v. *Lester,* 298 Mich 154. In *Culy* the grantor executed a deed and placed it in the hands of a third party with instructions to deliver it, after grantor's death, to the grantee. The deed was conditioned by its terms on grantee's taking care of grantor until death and performance of other obligations. The deed was not delivered during grantor's lifetime. This Court found that it had been the grantor's intent that title remain in him till death and then pass to grantee. We held that such intent was testamentary in character. In *Graham* plaintiff borrowed money from and gave a note and shares of stock as security to her aunt. After the latter's death plaintiff claimed that the aunt had agreed that upon her death the shares were to be returned to plaintiff. The shares and note had remained in the aunt's possession. This Court held that there had been no gift *inter vivos* of the shares to plaintiff, but that at most there had been a promise to make testamentary disposition of them and, further, that if this had resulted in an agreement it would have been unenforceable because without consideration. In *Bliss* this Court held that a letter left in her safety-deposit box by a testatrix, stating that she wanted a daughter to have the note which the latter, as maker, had given her, did not create a gift *inter vivos,* but was only an ineffective attempt at a testamentary gift. Distinguishable is the instant case, in which decedent did not set up an arrangement for delivery or gift of something after his death which, as in the

above cases, he could have cancelled at any time during his lifetime, but, instead, he executed a writing, effective and binding as of its date, modifying the contract with respect to payments. Such an agreement, with or without consideration, if made in writing and signed by him, may now be valid under CL 1948, § 566.1 (Stat Ann 1953 Rev § 26.978 [1]), enacted in 1941 after decision in *Graham.* In *Ireland* this Court upheld an agreement between partners that upon the death of either his interest should be sold to the survivor at an agreed price. So far from helping plaintiff, that case holds that a valid contract does not fall in the testamentary class merely because it is performable after death of one of the parties.

We are in accord with the holding in *In re Lewis' Estate,* 2 Wash2d 458 (98 P2d 654, 127 ALR 628). There the Washington court held that, "A transaction whereby part of the consideration for the purchase price of real property was the execution and delivery of a note and mortgage, with the provision that, should the vendor die while any sum was due and owing on the note and mortgage, they should be declared null and void, gave rise to a valid and enforceable contract, and was not an attempted testamentary disposition of the purchaser's obligation on the note and mortgage." (Quoting syllabus.) As the court there said (p 469):

"The difference in effect between a contractual obligation and a testamentary disposition is that the former creates a present, enforceable, and binding right over which the promisor has no control without the consent of the promisee, while the latter operates prospectively and not *in praesenti,* and is wholly ambulatory and subject to change at the testator's wish, until his death. Atkinson on Wills, p 151; 1 Page on Wills (2d ed), § 70, p 120; 28 RCL, Wills, § 6, p 62."

This case is in line with the weight of authority in this country. See annotations at 127 ALR 634 *et seq.* If a land contract were to provide that purchaser should pay vendor a stated amount per month until the latter's death, there could be no question of its validity as being a binding contract rather than a testamentary provision. How could it be otherwise with a contract providing, instead, for such monthly payments either until the vendor's death or until a date certain, whichever occurred first? Such was the tenor of the notation creating a binding and valid modification of the contract.

The second question is whether the modification agreement is void because of the attorney-client relationship existing between decedent and defendant when it was executed. Plaintiff cites text authorities for the general proposition that dealings between an attorney and client will be closely scrutinized by the courts and that the burden is on the attorney to show the exercise of good faith by him, that the client was fully informed of his rights and free from restraint, and that the dealings were at arm's length. Quoting 3 MLP, Attorneys and Counsellors, § 31, pp 261–263, plaintiff urges that the courts will scrutinize gifts or conveyances by client to his attorney "especially when they are connected with the subject matter of the litigation." See *Gray v. Emmons,* 7 Mich 533. We think significant the question whether the transfer or gift was "connected with the subject matter of the litigation" conducted by the attorney for the client. In other words, close scrutiny is especially indicated if the gift or transfer was connected with or rose out of the attorney-client relationship. The mere fact of the relationship does not create a disability between the parties to contract with each other nor are such dealings necessarily voidable on account thereof. 5 Am Jur, Attorneys at Law, §§ 48, 49.

While insisting on placing the above-mentioned burden of proof on defendant touching these matters, plaintiff, at the same time, zealously interposed the rule barring defendant from testifying as to matters equally within the knowledge of the deceased,* thus effectively preventing him from sustaining that burden by his own direct testimony. Under such circumstances and when no claim of fraud, overreaching or other wrongdoing is made, courts of equity ought as well to closely scrutinize the record to see that no injustice be done the beneficiary of a gift or party to a transaction solely because he happens to be an attorney who has rendered service to the opposite party. Plaintiff relies in this connection on 2 Michigan cases, *Oviatt* v. *Smith*, 226 Mich 253, which involved an attorney's purchase at foreclosure sale of land in which his client had rights which he had been employed by the latter to protect, and *McIntosh* v. *Fixel*, 297 Mich 331, in which an attorney represented a corporation in a financing operation, learned out of the attorney-client relationship that the corporation was interested in certain property, purchased it himself for $18,-000 and sold it to the corporation for $35,000. In both cases this Court held that the attorney-client relationship had been violated and that the attorney should not be allowed to profit therefrom. Distinguishable is the case at bar, in which there is no showing that defendant's purchase of the home and the subsequent modification of the purchase contract was in any manner related to the attorney-client relationship, that the attorney acted unfairly on the basis of knowledge gained from that relationship, or that the dealing was other than at arm's length.

---

* See CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.

Though the burden is ordinarily on the attorney to show the fairness of his dealings wtih his client and his own good faith in connection therewith, nevertheless, before plaintiff may invoke that rule, when, as here, there is no claim of wrongdoing, the burden should be held to rest on plaintiff to show, in the first instance, that the transaction in question arose out of, or pertained to, the relationship, or was connected with the subject matter of litigation which the attorney was handling for the client. That the plaintiff did not show here. There being, then, no showing of grounds, other than the mere fact of the relationship between the parties, for voiding the modification or setting aside the deed, plaintiff is not entitled to the relief prayed.

Affirmed, with costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.