**Wallace SHROPSHIRE, Appellant,**

**v.**

**Frances FREEMAN, Independent Executrix, Appellee.**

**No. 12152.**

Court of Civil Appeals of Texas, Austin.

May 29, 1974.

Rehearing Denied June 19, 1974.

Barry Bishop, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellant.

Anna Lee Drayer, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee brought this suit to cancel a deed to real property executed by her decedent Willie Williams. Williams had conveyed the propery in question to appellant and one other not a party to this appeal. The suit also sought the removal of four

judgment liens on the property, recovery for alleged property damage, and exemplary damages.

The jury in response to special issues, found that an attorney and client relationship existed between appellant and Willie Williams on the date of the conveyance and refused to find that appellant acted in good faith in purchasing the property. Although there were no issues as to malice or intent on the part of appellant, the jury found $5,000 in exemplary damages against appellant which damages were awarded by the court.

The jury also awarded $1,000 actual damages and $1,000 exemplary damages in connection with the loss of certain household furnishings. The trial court overruled appellant's motion for judgment *non obstante veredicto*, entered judgment canceling the deed in question, canceled appellant's assumption of a promissory note to Standard Mortgage Company, and awarded appellee $7,000 in actual and exemplary damages.

Appellant is before this Court on a number of points of error. The first two points are the error of the trial court in overruling appellant's motion for new trial, because there is either no evidence or insufficient evidence to support the jury's answer to Special Issue No. 1, concerning the attorney-client relationship between appellant and the decedent Willie Williams. We sustain the insufficient evidence point.

The evidence discloses that in 1965 appellee represented Willie Williams in a foreclosure proceeding and helped him obtain a loan on the property in question at a local real estate company. In 1971 appellant wrote a will for Williams. In addition, a witness testified that appellant had told him over the telephone: " 'I have known Willie Williams for years. I have taken care of him and I assure you, I did not do anything to . . . I didn't do anything wrong with him or I didn't take

anything away from him,' and said something to the effect of, 'I have taken care of these people for a long time,' meaning, I guess, Willie and his family."

There is also evidence that appellant had done legal work for several other members of Williams' family in the past.

■ The question then becomes whether these facts establish an attorney-client relationship which existed *on the date of the transaction,* or that the transaction arose out of or had any connection with an attorney-client relationship. The highly fiduciary relationship between an attorney and his client is the basis for the constructive trust theory upon which this case was tried. 7 Am.Jur.2d Attorneys at Law § 97, p. 109; Palmer v. Arnett, 352 Mich. 22, 88 N.W.2d 445 (1958). "Although the burden is ordinarily on the attorney to show the fairness of his dealings with his client and his own good faith in connection therewith, nevertheless, where there is no claim of fraud or other wrongdoing, the client, before he may invoke the rule, has the burden of showing that the transaction in question arose out of or pertained to the relationship or was connected with the subject matter of the litigation the attorney was handling for him." 7 Am.Jur.2d, *supra.*

In Archer v. Griffith, 390 S.W.2d 735 (Tex.1964) the court held: "It was stipulated by the parties that the relationship of attorney and client existed between petitioner and respondent *when the deed was executed and delivered.* That fact has an important bearing on the controversy." (Emphasis added) Also see Jinks v. Moppin, 80 S.W. 390 (Tex.Civ.App.1904, no writ).

■ We hold that the evidence adduced before the jury was insufficient to form the basis of their finding that the relationship of attorney and client either existed between appellant and Willie Williams at

the time appellant acquired the property in question or arose out of the attorney-client relationship. Two instances over the years wherein appellant performed legal services for deceased plus the vague and inconclusive statement to the effect: "I have taken care of these people for a long time" is insufficient to uphold either test required to establish the fiduciary relationship between appellant and the deceased.

In view of our decision to reverse and remand this case for another trial, we need not discuss appellant's remaining points.