JOHN RICE, Appellant, *v.* DENNIS LEE WADKINS; STOCKS MILL AND SUPPLY COMPANY, INC., a Nevada Corporation, Respondents.

No. 8654

November 10, 1976          555 P.2d 1232

*Goodman & Snyder* and *Richard W. Myers,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant contends the district court erred by failing to

apply our comparative negligence statute retrospectively. We disagree.

Appellant sought damages for personal injuries sustained in an automobile-pedestrian accident on April 7, 1971, in Las Vegas, Nevada. Subsequent to the accident, but before trial, the Nevada legislature enacted our comparative negligence statute.[1] At trial, the appellant argued that the jury should be instructed on comparative negligence instead of contributory negligence because the newly-enacted statute was retroactive. However, the statute was silent as to its retroactive effect and we have long held that courts will not give retrospective interpretation to statutes unless the legislative intent that they do so is clearly manifested in the statute. Miller v. Ashurst, 86 Nev. 241, 468 P.2d 357 (1970); Wildes v. State, 43 Nev. 388, 187 P. 1002 (1920); Fitch v. Elko County, 8 Nev. 271 (1873); Joseph v. Lowery, 495 P.2d 273 (Or. 1972).

Affirmed.

---

[1]NRS 41.141 provides:

"1. In any action to recover damages for injury to persons or property in which contributory negligence may be asserted as a defense, the contributory negligence of the plaintiff shall not bar a recovery if the negligence of the person seeking recovery was not greater than the negligence or gross negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person seeking recovery.

2. In such cases, the judge may, and when requested by any party shall instruct the jury that:

(a) The plaintiff may not recover if his contributory negligence has contributed more to the injury than the negligence of the defendant or the combined negligence of multiple defendants.

(b) If the jury determines the plaintiff is entitled to recover, it shall return by general verdict the total amount of damages the plaintiff would be entitled to recover except for his contributory negligence.

(c) If the jury determines that a party is entitled to recover, it shall return a special verdict indicating the percentage of negligence attributable to each party.

(d) The percentage of negligence attributable to the person seeking recovery shall reduce the amount of such recovery by the proportionate amount of such negligence.

3. Where recovery is allowed against more than one defendant in such an action:

(a) The defendants are severally liable to the plaintiff.

(b) Each defendant's liability shall be in proportion to his negligence as determined by the jury, or judge if there is no jury. The jury or judge shall apportion the recoverable damages among the defendants in accordance with the negligence determined."