FRANCES A. WARMBRODT, ROBERT B. WARMBRODT, JR., AND MARGARET L. WARMBRODT, INDIVIDUALLY AND AS TRUSTEES FOR WARMBRODT'S, INC., A NEVADA CORPORATION, APPELLANTS AND CROSS-RESPONDENTS, v. FRED B. BLANCHARD, ALEXANDER GRANT & COMPANY, A PARTNERSHIP, AND ROBERT O. VAUGHAN, AND JACK HULL, RESPONDENTS AND CROSS-APPELLANTS.

No. 14573

December 17, 1984                    692 P.2d 1282

*Robison, Lyle, Belaustegui & Robb,* Reno, Attorneys for Appellants and Cross-Respondents.

*George K. Folsom,* and *Halley & Halley,* Reno, Attorneys for Respondents and Cross-Appellants Fred B. Blanchard and Alexander Grant & Company.

*Barker, Gillock & Perry* and *Ken Bick,* Reno, Attorneys for Respondents and Cross-Appellants Robert O. Vaughan and Jack Hull.

## OPINION

*Per Curiam:*

This case is predicated on a malpractice suit brought by the sellers of a business initially against their accountants for failure to liquidate timely a corporation in order to avoid double taxation. Later, the plaintiffs joined their attorneys as defendants.

The attorneys were released from the litigation on a motion for summary judgment. The district judge at the trial of the case,

however, gave the jury a comparative negligence instruction which permitted the jury to find that the attorneys were ten percent negligent and the accountants ninety percent. The district judge then deducted ten percent from the total damage award.

The individual appellants, Robert and Margaret Warmbrodt, are the son and daughter-in-law of appellant Frances Warmbrodt. Together they were the directors and sole shareholders of Warmbrodt's Inc., a closely held Nevada corporation. The principal asset of the corporation was the Crystal Theater, located in Elko, Nevada. In 1973, the Warmbrodts decided to sell the theater, and they sought advice from their attorney, who advised them that they should seek tax advice from an accountant as neither he nor his firm had any expertise in that area.

This action was initiated by appellants against respondents Fred B. Blanchard and Alexander Grant & Company (Accountants) to recover compensatory and punitive damages for professional malpractice in connection with the sale of the theater and dissolution of the corporation. Appellants alleged that in violation of their contractual and professional duties, Accountants failed to file the appropriate liquidation papers within twelve months of the sale of the corporation's principal asset as required by Internal Revenue Code Section 337. They also alleged that Accountants concealed such dereliction from the plaintiffs. They claimed that such conduct resulted in additional income tax liability of over $36,000, plus interest and penalties. Plaintiffs sought such sums as damages, plus interest on the debt they incurred to pay the tax liability, attorney's fees, and punitive damages. In their answer, Accountants admitted that they had undertaken to act for appellants in the matter and to perform such services in a proper, careful and skillful manner, but asserted as affirmative defenses the contributory negligence or willful, wanton and reckless misconduct of the plaintiffs.

During the course of discovery, Accountants propounded a number of questions and requests for admissions regarding whether plaintiffs had retained an attorney to advise them in the matter of liquidation, to prepare the legal documents in connection with such liquidation, and to advise them of the relevant deadlines. Plaintiffs generally denied that they had retained an attorney for such purposes, although they did admit they had hired an attorney to draft and file documents necessary to effectuate the sale, and had "partially" relied upon an attorney to advise them when the twelve-month period expired. Plaintiffs asserted that they were aware that Accountants were in communication with a law firm which had represented the plaintiffs in the past, but that they had themselves hired only Accountants to accomplish liquidation in accordance with Internal Revenue Service requirements. They noted that in connection with the sale of the

theater, legal counsel had stated to plaintiffs that neither he nor his firm had any particular tax expertise, and counsel had made it clear to plaintiffs that he was not acting as tax counsel in connection with the liquidation.

After deposing two of the partners in the law firm in question, Robert O. Vaughan and Jack Hull, Accountants moved for summary judgment, contending that since it was undisputed that these attorneys had in fact prepared and filed a number of documents in relation to the sale and liquidation, it was the attorneys' failure to prepare and file the final papers in a timely manner which had been the proximate cause of plaintiffs' damages. Plaintiffs, the appellants before us, opposed the motion, but thereafter added Vaughan and Hull (Attorneys) as defendants.

After filing their answer, Attorneys moved for summary judgment, arguing that by plaintiffs' own admissions, Attorneys had breached no duty owed to them.[1] The motion was granted, and the Attorneys were dismissed from the case.

At the conclusion of the jury trial, and over the objection of plaintiffs, the jury was given an instruction requiring them to assess and compare the negligence of the Attorneys, the plaintiffs and the Accountants. In accordance with this instruction, and the special verdict form submitted to them, the jury found the Accountants ninety percent negligent, Hull and Vaughan ten percent negligent, and plaintiffs not negligent at all. Although they assessed the damages to the plaintiffs at $54,945.21, the district court in its judgment deducted ten percent of that award.[2]

Plaintiffs appeal, challenging the deduction of ten percent, or, alternatively, arguing that Attorneys should not have been dismissed. They also challenge the district court's refusal to give an instruction allowing an award of punitive damages. Respondent Accountants, on cross-appeal, challenge the district court's refusal to allow into evidence certain testimony.

### THE SUMMARY JUDGMENT AND APPORTIONMENT OF DAMAGES

The elements of a legal malpractice action are "the existence of an attorney-client relationship, the existence of a duty on the

---

[1]Accountants filed notice of their appeal of the summary judgment and for a stay of proceedings. This appeal was initially dismissed by this Court, however, for lack of NRCP 54(b) certification, and ultimately on the ground that Accountants had failed to present their argument to the trial court. Orders of October 14, 1981, Case No. 13577, and July 20, 1983, Case No. 14573.

[2]The judgment was later amended to reflect recalculation of interest. That amendment is not challenged here.

part of a lawyer, failure to perform the duty, and the negligence of the lawyer [as a] proximate cause of damage to the client." Hansen v. Wightman, 538 P.2d 1238, 1246 (Wash.App. 1975). *Accord,* Johnson v. Jones, 652 P.2d 650 (Idaho 1982). It is the "contractual relationship creating a duty of due care upon an attorney [which is] the primary essential to a recovery for legal malpractice." Ronnigen v. Hertogs, 199 N.W.2d 420, 421 (Minn. 1972). *See also* Houston General Ins. Co. v. Superior Court, 166 Cal. Rptr. 904 (Cal.App. 1980). Furthermore, the attorney must be employed in such a capacity as to impose a duty of care with regard to the particular transaction connected to the malpractice claim. Shropshire v. Freeman, 510 S.W.2d 405 (Tex. Civ.App. 1974). Even with regard to a particular transaction or dispute, an attorney may be specifically employed in a limited capacity. Kane, Kane and Kritzer, Inc. v. Altagen, 165 Cal. Rptr. 534 (Cal.App. 1980).

"The existence of a contract is generally an issue and question of law," Houston General Ins. Co. v. Superior Court, *supra,* 908. In the absence of a breach of duty, there can be no negligence, as a matter of law. Elliott v. Mallory Electric Corp., 93 Nev. 580, 586, 571 P.2d 397, 401 (1977). In this case, the answers to the interrogatories submitted by the plaintiffs and Attorneys before the court at the time of the summary judgment revealed that the plaintiffs did not hold their Attorneys accountable for the timely filing of the papers related to the liquidation of their corporation. In the absence of a contractual duty to plaintiffs to perform the act which plaintiffs alleged as a cause of their damages, the court could properly find that there was no genuine issue of material fact. The summary judgment was therefore properly granted.

Once the court had determined that Attorneys were entitled to summary judgment, it was error to submit the question of their negligence to the jury under the applicable comparative negligence statute.

The comparative negligence statute applicable to this case was adopted in 1973. *See* Rice v. Wadkins, 92 Nev. 631, 555 P.2d 1232 (1976). 1973 Nev. Stats., ch. 787, at 1772.[3] While eliminating contributory negligence as a bar to a plaintiff's recovery, at

---

[3] 1973 Nev. Stat., ch. 787, at 1772, provided:

SECTION 1. Chapter 41 of NRS is hereby amended by adding thereto a new section which shall read as follows:

1. In any action to recover damages for injury to persons or property in which contributory negligence may be asserted as a defense, the

least when negligence of a tortfeasor, or several tortfeasors combined, was as great as plaintiff's or greater, the statute also abolished joint and several liability among joint tortfeasors, substituting several, proportionate liability based upon fault.[4] One defendant who was among several found responsible for the plaintiff's damages would therefore only be held liable for damages "in proportion to his negligence," as determined by the trier of fact. On the other hand we conclude that when, as in this case, recovery was not allowed against any other defendant or group of defendants, the statute did not limit the liability of a sole defendant, or group of defendants whose negligence was the proximate cause of an indivisible injury to the plaintiff.

The plain language of the comparative negligence statute required apportioning of liability "among the *defendants*," and then only "[w]here recovery is allowed against more than one *defendant*" in an action. 1973 Nev. Stats., ch. 787, Sec. 1(3)(b). (Emphasis added.) The statutory scheme provided for comparison of the plaintiff's negligence with that of the "person or persons against whom recovery is sought," *id.* at sec. 1(a), or

---

contributory negligence of the plaintiff shall not bar a recovery if the negligence of the person seeking recovery was not greater than the negligence or gross negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person seeking recovery.

2. In such cases, the judge may, and when requested by any party shall instruct the jury that:

(a) The plaintiff may not recover if his contributory negligence has contributed more to the injury than the negligence of the defendant or the combined negligence of multiple defendants.

(b) If the jury determines the plaintiff is entitled to recovery, it shall return by general verdict the total amount of damages the plaintiff would be entitled to recover except for his contributory negligence.

(c) If the jury determines that a party is entitled to recover, it shall return a special verdict indicating the percentage of negligence attributable to each party.

(d) The percentage of negligence attributable to the person seeking recovery shall reduce the amount of such recovery by the proportionate amount of such negligence.

3. Where recovery is allowed against more than one defendant in such action:

(a) The defendants are severally liable to the plaintiff.

(b) Each defendants' liability shall be in proportion to his negligence as determined by the jury, or judge if there is no jury. The jury or judge shall apportion the recoverable damages among the defendants in accordance with the negligence determined.

[4]This portion of the statute was amended in 1979, along with contribution statutes which in 1973 provided for *pro rata* contribution among joint tortfeasors, so as to reinstitute joint and several liability to plaintiffs, while providing for contribution among tortfeasors based upon comparative negligence. 1979 Nev. Stats., ch. 629, at 1355-6.

alternatively stated, that "of the defendant or combined negligence of multiple defendants." *Id.* at sec. 1(2)(a). The jury was to return, when appropriate, the special verdict indicating "the percentage of negligence attributable to each *party.*" *Id.* at sec. 1(2)(c). No reference was made to the negligence of other possible tortfeasors.

Thus the jury should not have been instructed to consider the negligence of the Attorneys or to return a special verdict indicating their percentage of negligence when Attorneys were then neither defendants nor parties. *See* Nat. Farmers U. Property & Cas. v. Frackelton, 650 P.2d 571 (Colo.App. 1981), *aff'd,* 662 P.2d 1056 (Colo. 1983); Mihoy v. Proulx, 313 A.2d 723 (N.H. 1973); *see* Howard v. Spafford, 321 A.2d 74 (Vt. 1974). *Contra* Brown v. Keill, 580 P.2d 867 (Kan. 1978).

## OTHER ISSUES

Appellants have also asserted as error the district court's refusal to give a punitive damages instruction. Punitive damages are permitted under NRS 42.010 where a defendant "has been guilty of oppression, fraud, or *malice.*" (Emphasis added.) "The term malice as used in the statute means malice in fact and denotes ill-will, or a desire to do harm for the mere satisfaction of doing it." Bader v. Cerri, 96 Nev. 352, 359, 609 P.2d 314, 318-319 (1980).

It was permissible for the trial court to conclude that such evidence had not been received in this case. Bader v. Cerri, *id.;* Village Development Co. v. Filice, 90 Nev. 305, 526 P.2d 83 (1974).

The remaining assignments of error are meritless.

## CONCLUSION

The judgment is affirmed in all respects except for the ten percent deduction for negligence attributable to Attorneys. The case is remanded to the district court for recalculation of the award and issuance of judgment consistent with this opinion.