Mary BURKES, Appellant,

v.

KOPPERS COMPANY, INC., et al., Appellees.

No. 1128.

Court of Civil Appeals of Texas, Tyler.

May 11, 1978.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Barclay A. Manley, Fulbright & Jaworski, Houston, for appellees.

McKAY, Justice.

This appeal is from a take nothing judgment based on a jury verdict in a suit brought by appellant, Mary Burkes, for personal injuries she allegedly sustained as a result of a collision between her automobile and a locomotive belonging to appellee Koppers Company, such collision having occurred on January 31, 1973, in the City of Houston, Harris County, Texas. Appellant alleged that her automobile was negligently struck by a train operated by appellee's employees on a spur track located near the intersection of Crosstimbers and Hardy Streets in Houston, and that as a result of such collision appellant sustained personal injuries. Koppers Company answered that the collision was the result of appellant's own negligence, and an emergency or an unavoidable accident.

In response to the special issues, the jury found that (15) Mary Burkes failed to keep a proper lookout on the occasion in question and that (16) such failure was a proximate cause of the occurrence in question; (23) that after she stopped her vehicle within 50 feet, but not less than 15 feet, from the nearest railroad track on which the train was approaching, she then proceeded when a person using ordinary care would not have done so and that (24) such action was a proximate cause of the occurrence in question. The jury failed to find any negligence on the part of appellee.

Appellant contends, through four points of error, that the court erred in entering judgment for appellee because appellee was negligent per se by failing to comply with Tex.Rev.Civ.Stat.Ann., Articles 6370 and 6371. Appellant does not complain of the jury's findings of her negligence or its failure to find appellee negligent.

■ In view of the jury's answers to the special issues, we need not consider the merits of appellant's points of error. The collision in question occurred on January 31, 1973, prior to the effective date of the comparative negligence statute, Tex.Rev.Civ.Stat.Ann., Article 2212a (Supp.1978). Therefore, on the date in question, contributory negligence proximately causing inju-

ry was a bar to recovery against a negligent defendant. *Parrot v. Garcia,* 436 S.W.2d 897, 901 (Tex.1969). Since the jury found appellant to be negligent on the occasion in question, and appellant does not complain of such finding in any manner, she is barred from any recovery. This would be so even if we were to assume appellee to be negligent or negligent per se.

The judgment of the trial court is affirmed.