DENICOLA ET AL., APPELLANTS, *v.* PROVIDENCE HOSPITAL ET AL., APPELLEES.

[Cite as Denicola v. Providence Hospital (1979), 57 Ohio St. 2d 115.]

(No. 78-891—Decided March 28, 1979.)

*White, Getgey & Meyer Co., L. P. A., Mr. John J. Getgey, Jr., Messrs. Marks, Goldsmith & Weiner* and *Mr. Edward G. Marks,* for appellants.

*Messrs. Dinsmore, Shohl, Coates & Dupree, Mr. Frank C. Woodside, III, Mr. John E. Schlosser, Messrs. Spalding, Grause, Robinson & Arnzen* and *Mr. John L. Spalding,* for appellee Providence Hospital.

*Messrs. Rendigs, Fry, Keily & Dennis* and *Mr. D. Marc Routt,* for appellees Drs. Wurzelbacher and Saladin.

LOCHER, J. The first issue for this court's decision is whether it was procedural error for the trial court to apply R. C. 2743.43, thereby excluding the testimony of appellants' medical expert. R. C. 2743.43 states, in part:

"(A) No person shall be deemed competent to give expert testimony on the liability issues in a medical claim * * * unless:

" * * *

"(2) Such person devotes three-fourths of his professional time to the active clinical practice of medicine or surgery, osteopathic medicine and surgery, or podiatric medicine and surgery, or to its instruction in an accredited university."

Appellants conceded during oral argument in this court that their proffered medical expert did not qualify as competent under R. C. 2743.43. They also conceded that R. C. 2743.43 is a procedural statute and, therefore,

in no way violative of Section 28 of Article II of the Ohio Constitution.[1] This court has held that Section 28 of Article II has application only to laws affecting substantive rights. It has no application to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review. *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70. Rather, appellants contend that the application of R. C. 2743.43 in this cause violates R. C. 1.48, which states: "A statute is presumed to be prospective in its operation unless expressly made retrospective."

Succinctly stated, appellants maintain that, since their cause of action accrued and was filed before the effective date of R. C. 2743.43, the statute was retrospectively applied even though the cause was not tried until 11 months after its effective date.

We find appellants' contention to be without merit. R. C. 2743.43 pertains to the competency of a witness to testify, and, consequently, it is of a remedial or procedural nature. Being procedural and not substantive,[2] it cannot be said to have been retrospectively employed in a trial conducted almost a year after its enactment. This court addressed this issue in *Kilbreath* v. *Rudy, supra.* The second paragraph of the syllabus therein reads as follows:

"Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of

---

[1] Section 28 of Article II of the Ohio Constitution reads as follows:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

[2] Substantive law is that which creates duties, rights and obligations, while procedural law describes the methods of enforcement of rights or of obtaining redress. *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, 72; *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 178.

such laws. (Paragraph one of the syllabus of *State, ex rel. Holdridge,* v. *Indus. Comm.,* 11 Ohio St. 2d 175, approved and followed. *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges,* 63 Ohio St. 339, criticized.)"

In following the rule of *Kilbreath,* we hold that R. C. 2743.43 was not retrospectively applied in this cause; but, rather, it was properly applied prospectively, since the trial took place after its effective date.[3] This being so, R. C. 1.48 was not violated.

The second issue raised by appellants is whether R. C. 2743.43 should apply only to actions brought in the Court of Claims under R. C. Chapter 2743 against the state of Ohio or against hospitals owned or operated by its political subdivisions. They argue that, because this statute was codified in the chapter of the Revised Code which deals with the Court of Claims, it must necessarily be limited in its operation to cases brought in that court.

We agree with the majority of the appellate court that the numbering and placement by the General Assembly of R. C. 2743.43 in the portion of the Revised Code dealing with the Court of Claims is not definitive of its applicable scope. The General Assembly has expressly and clearly declared in R. C. 1.01 that: "* * * Title, Chapter, and section headings and marginal General Code section numbers do not constitute any part of the law as contained in the 'Revised Code.'" Aside from its numerical codification, there is simply no language in R. C. 2743.43, or anywhere else in the Revised Code, which limits its application to Court of Claims' cases.

R. C . 2743.43 was enacted as part of the very comprehensive Am. Sub. H. B. No. 682 (136 Ohio Laws 2809, 2823).

---

[3]In so holding, we note that our decision follows the traditional rule on the applicability of procedural rules and is in conformance with Civ. R. 86(A), which states:

"These rules shall take effect on the first day of July, 1970. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

The rules of statutory construction require that, when the scope of a provision is doubtful, the various sections of an Act should be read *in pari materia* when they relate to the same subject matter. In so doing, reference to R. C. 2305.-11, also a part of Am. Sub. H. B. No. 682, is helpful. This section defined the term "medical claim" as "any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person." R. C. 2743.43 pertains to the competency of medical experts in "medical claims." Thus, when these sections are read *in pari materia* it becomes clear that R. C. 2743.43 was not intended by the General Assembly to be limited only to causes brought before the Court of Claims.

Lastly, appellants maintain that the application of R. C. 2743.43 in this cause violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In essence, they argue that, because a similar restriction is not placed upon expert malpractice witnesses in other types of professional negligence cases, *e. g.*, lawyers and dentists, medical malpractice claimants are being denied equal protection of the laws.

We find no violation of the Equal Protection Clause. R. C. 2743.43 affects neither a "fundamental" interest nor a "suspect" class. See *Belle Terre* v. *Boraas* (1974), 416 U. S. 1, 7; *San Antonio Independent School District* v. *Rodriguez* (1973), 411 U. S. 1, 61. Consequently, the statute must be upheld if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective. *McGowan* v. *Maryland* (1961), 366 U. S. 420, 425-426. Stated differently, the crucial question is whether there is an appropriate governmental interest suitably furthered by the differential treatment. *Police Dept. of Chicago* v. *Mosley* (1972), 408 U. S. 92, 95.

Applying this standard, we find an appropriate governmental interest furthered by the differential treatment.[4]

---

[4]In holding that R. C. 2743.43 does not violate either the Equal Protection Clause or R. C. 1.48, this court in no way passes upon whether the enactment of procedural statutes, affecting areas traditionally within

The final portion of Am. Sub. H. B. No. 682 (36 Ohio Laws 2843-44) declares the Act to be an emergency measure, stating: "[N]ecessary for the immediate preservation of the public peace, health and safety. The reason for such necessity lies in the fact that immediate action is necessary to insure a continuance of health care delivery to the citizens of Ohio."

Specifically, the General Assembly was legitimately concerned with the competency of medical malpractice experts testifying in medical malpractice claims, and the profound impact of such cases on the availability of medical malpractice insurance and resulting availability of health care in Ohio.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

P. BROWN, SWEENEY and HOLMES, JJ., concur.

HERBERT and W. BROWN, JJ., concur in paragraphs one and two of the syllabus.

CELEBREZZE, C. J., dissents.

---

the province of the courts, is constitutional within the purview of Section 5(B), Article IV of the Ohio Constitution, or whether the passage of such procedural statutes violates the Separation of Powers doctrine by unreasonably infringing upon the inherent power of the judicial branch of state government.