VIERS ET AL., APPELLEES, *v.* DUNLAP ET AL., APPELLANTS.

[Cite as Viers *v.* Dunlap (1982), 1 Ohio St. 3d 173.]

(No. 81-1659—Decided August 11, 1982.)

*Mr. Robert W. Heydorn,* for appellees.

*Mr. Marvin A. Shapiro,* for appellant J. C. Penney Cas. Ins. Co.

LOCHER, J. The Court of Appeals, in certifying the herein action to this court, divided the issue to be considered into three discrete queries: "(1) whether R.C. 2315.19, effective June 20, 1980, is substantive or procedural and remedial in nature; (2) if procedural and remedial, should R.C. 2315.19 be applied retrospectively or prospectively; and (3) would prospective application include application to negligence cases arising prior to the effective date of the statute, but tried after the effective date." We find our determination that R.C. 2315.19[1] affects substantive rights and must be applied prospectively dispositive of the questions which the appellate court has raised.

Section 28 of Article II of the Ohio Constitution, in stating that "[t]he general assembly shall have no power to pass retroactive laws * * *," expressly forbids retrospective legislation. R.C. 1.48 provides that: "A statute is presumed to be prospective in its operation unless expressly made retrospective." The General Assembly has thusly codified the time-honored common law principle that statutes are to be prospectively applied.[2] In construing R.C. 1.48, however, this court has consistently held that the application of a statute, which affects *procedural* rather than substantive rights, to causes arising prior to the statute's effective date but tried thereafter is not an impermissible retroactive application. *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290]; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370]. Indeed, the application of statutes affecting procedural rights to all causes tried after the effective date of the statute constitutes prospective operation as, in such instances, the date of the trial is the reference point from which prospectivity and retroactivity are measured.

As R.C. 2315.19 contains no explicit language permitting retroactive application, the statute must be presumed to operate prospectively. Appellees argue that this presumption has been overcome as the General Assembly in enacting the statute wished to give immediate effect to the more lenient, at least as it relates to plaintiffs, comparative negligence standard. However, this naked, unsupported assertion does nothing to evidence the legislative in-

---

[1] R.C. 2315.19(A)(1) provides, in pertinent part:

"In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionally equal to his percentage of negligence * * *."

[2] The presumption that laws are to be applied prospectively can be traced from the Roman Corpus Juris Civilis through Bracton and Coke in the English common law. See Smead, The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence, 20 Minn. L. Rev. 775.

tent required to rebut the presumption of prospectivity. In fact, the retroactive application of R.C. 2315.19 would reward the plaintiff who waited until after the effective date of the statute while punishing the party who more expeditiously commenced his action. It can hardly be inferred that the General Assembly intended such disparate treatment of parties, both of whose claims may have arisen on the same day. As no evidence exists of legislative intent to give R.C. 2315.19 retroactive operation, whether the statute may be applied to actions ripening before but tried after the statute's effective date rests upon the proper characterization of the statute as either procedural or substantive.

In delineating the scope of procedural and substantive statutes, this court has formulated an eminently effective distinction. As we stated in *State, ex rel. Holdridge,* v. *Indus. Comm.* (1976), 11 Ohio St. 2d 175, 178 [40 O.O.2d 162]:

"It is doubtful if a perfect definition of 'substantive law' or 'procedural or remedial law' could be devised. However, the authorities agree that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress. * * *"

Appellees contend that this court's analysis in *Denicola* v. *Providence Hospital, supra,* compels a finding that R.C. 2315.19 affects the litigant's procedural rights and, therefore, may be applied to causes tried subsequent to the effective date of the statute. According to appellees, R.C. 2315.19 implicates only procedural rights. In support of their assertion, appellees cite the fact that the statute is placed in the "Trial Procedure" chapter of the Revised Code and argue that the statute affects only remedies and not the actual or expected rights of the defendant by permitting a contributorily negligent plaintiff to recover where formerly he could not.

First, the location of R.C. 2315.19 in the Code offers no guidance in determining the nature, substantive or procedural, of the statute. R.C. 1.01 provides, in pertinent part, that "Title, Chapter, and section headings and marginal General Code section numbers do not constitute any part of the law as contained in the 'Revised Code.' " The General Assembly has, thus, quite explicitly stated that the substance of a statute is not to be gleaned from its appellation.

Similarly groundless is appellees' argument that R.C. 2315.19 is merely remedial. Although semantic formulations can be devised to understate the obvious, it is patently clear that the statute markedly affects substantive rights. Where before a defendant was shielded from liability by a plaintiff's contributory negligence, this defendant no longer enjoys such protection. Where before a plaintiff who was contributorily negligent was denied recovery, he is now—as long as his misfeasance is not the predominant cause of his injury—entitled to damages. To characterize, as appellees do, such a fundamental change in the law as affecting only trial procedure and the mode by which a remedy is effected defies logic. The application of R.C. 2315.19 to

causes arising before its effective date would change the legal character of rights and responsibilities arising out of past transactions in complete derogation of R.C. 1.48.

Appellees also argue that appellants' substantive rights are undisturbed by the statutory introduction of the doctrine of comparative negligence since both Dunlap and his *de facto* insurer, J. C. Penney, could not realistically have relied on the later availability of the complete defense of contributory negligence in calculating their actions. Several state courts, in determining that statutes codifying the doctrine of comparative negligence affect substantive rights, have addressed the identical contention. *Costa* v. *Lair* (1976), 241 Pa. Super 517, 363 A.2d 1313; *Joseph* v. *Lowery* (1972), 261 Ore. 545, 495 P. 2d 273. In this respect we find the Oregon Supreme Court's pronouncement in its landmark *Lowery* decision persuasive. In holding that the Oregon comparative negligence statute could only legitimately be applied to causes arising after its effective date, the court stated:

"Certainly, no one has an accident upon the faith of the then existing law. However, it would come as a shock to someone who has estimated his probable liability arising from a past accident, and who has planned his affairs accordingly, to find that his responsibility therefor is not to be determined as of the happening of the accident but is also dependent upon what the legislature *might* subsequently do. Every day it is necessary in the conduct of the affairs of individuals and of businesses to make a closely calculated estimate of the responsibility or lack thereof resulting from an accident or from other unforeseen and unplanned circumstances and to act in reliance on such estimate." *Joseph* v. *Lowery, supra,* at 551. Certainly, in the instant case appellants calculated their probable liability arising from any accident on the basis of the existence of the contributory negligence defense.

Moreover, by asserting that appellants have no "vested right" in the continuance of the contributory negligence defense, appellees further obfuscate the issue of whether R.C. 2315.19 affects substantive or procedural rights. Appellees err by even implying that only vested rights are substantive and, thus, immune from retroactive application of the law. Certainly, appellants have no vested right in or entitlement to the endurance of the common law defense of contributory negligence, but, at least in the present context, no such entitlement is necessary.

Substantive and vested rights, the latter being complete, consummated and subject to involuntary divestiture only upon due process of law,[3] are not synonymous. Substantive rights exist in counterpoise to procedural rights and include all privileges and obligations arising from the legal nature of transactions and relationships but separate from the means of effectuating those privileges and enforcing those obligations. Although none of appellants' vested rights are implicated in the instant action, the application of R.C.

---

[3] See *Ostrander* v. *Preece* (1935), 129 Ohio St. 625 [3 O.O. 24], and *Scamman* v. *Scamman* (1950), 56 Ohio Law Abs. 272, for a discussion of vested rights.

2315.19 to the herein cause would impermissibly affect appellants' substantive rights—those privileges and duties in existence at the time of the subject automobile accident. As the Pennsylvania Superior Court stated in differentiating between vested and substantive rights:

"We do not wish this opinion [finding the Pennsylvania comparative negligence statute to be substantive] to be construed as holding that there is a vested right to the defense of contributory negligence. We hold solely that the retroactive application of the Act would affect the legal character of past actions in a substantive, rather than a procedural, manner. Thus, we believe that a vested right and a substantive right are not necessarily identical * * *." *Costa* v. *Lair, supra,* at 520, fn. 4.

As the Ohio comparative negligence statute is substantive in nature and effect, *Denicola, supra,* offers no guidance in the present action. In *Denicola,* we held that a statute establishing competency requirements for an expert medical witness may be applied to all causes of action tried after the statute's effective date. The subject statute in *Denicola* was clearly procedural in nature. Laws regulating the qualifications of witnesses affect only the means of effectuating a remedy. No one, with the obvious exception of potential expert witnesses themselves, contemplates the required statutory qualifications of such a witness before committing to a particular course of action. The element of faith which appellants herein reposed in the pre-R.C. 2315.19 legal consequences of operating a motor vehicle is utterly lacking in the claims of the appellees who sought to apply the analysis in *Denicola* to their cause.

In addition to invoking *Denicola,* appellees have also urged this court to adopt the reasoning of our sister courts in Rhode Island, Oregon and Washington, which have interpreted their respective comparative negligence standards as procedural.[4] We decline to do so. Unlike R.C. 2315.19, both the Rhode Island and Oregon statutes explicitly delineate the cases to which they are to apply. R. I. Gen. Laws Section 9-20-4 expressly provides for its application to "all actions hereafter brought." Similarly, ORS 18.470, as amended by the Oregon legislature after *Lowery, supra,* by its very language "governs all actions tried subsequent to its effective date." (1975 Ore. Laws 1413.) Thus, the intent of both the Rhode Island and Oregon lawmakers to apply the comparative negligence standard to all cases brought or tried, respectively, after the enactment of the statutes is apparent. No such intent on the part of our General Assembly, however, is anywhere in evidence.

We must also reject the Supreme Court of Washington's decision in *Godfrey* v. *State* (1975), 84 Wash. 2d 959, 530 P. 2d 630, as a guide to our decision. With only a single exception, state and federal courts which have ruled on the application of comparative negligence statutes, silent on the issue of retroactive operation, have found them to control only causes arising after the

---

[4] See *Raymond* v. *Jenard* (R.I., 1978), 390 A. 2d 358; *Hall* v. *Northwest Outward Bound School, Inc.* (1977), 280 Ore. 655, 572 P. 2d 1007; *Godfrey* v. *State* (1975), 84 Wash. 2d 959, 530 P. 2d 630.

statute's effective date.[5] The *Godfrey* holding, criticized severely by at least one commentator,[6] is that sole exception. Although the *Godfrey* decision is distinct from the herein cause as the bill enacting the Washington comparative negligence statutes was specifically entitled "An Act relating to civil procedure," we join the rest of our sister courts in refusing to adopt the Washington court's analysis.

Finally, we reject appellees' entreaty to follow the lead of state courts which have judicially implemented the comparative negligence standard and applied it retroactively.[7] This court's duty in the instant cause is to enforce the will of the General Assembly. We may not, consonant with that obligation, ignore the clear dictates of R.C. 2315.19. In construing a statute codifying the doctrine of comparative negligence, we lack the freedom enjoyed by courts that have affected the regime of contributory negligence by modifying the common law, the exclusive bailiwick of the judiciary.

In addition to the comparative negligence issue, the Court of Appeals' reversal of the trial court's judgment in the herein cause was based on the latter's erroneous instructions on proximate cause. Our decision today, however, obviates the need for any determination to be made of appellants' negligence.

Accordingly, we reverse the judgment of the Court of Appeals in its entirety.

*Judgment reversed.*

W. Brown and Palmer, JJ., concur.

Holmes, J., concurs in the syllabus and judgment.

Celebrezze, C.J., Sweeney and C. Brown, JJ., dissent.

Palmer, J., of the First Appellate District, sitting for Krupansky, J.

Holmes, J., concurring. I am in agreement with the syllabus law in this opinion and concur in the judgment and most of the commentary expressed by

---

[5] See *Burkes* v. *Koppers Company, Inc.* (Tex. Civ. App. 1978), 567 S. W. 2d 540; *Crutsinger* v. *Hess* (D.C. Kan. 1976), 408 F. Supp. 548; *Dunham* v. *Southside National Bank of Missoula* (1976), 169 Mont. 466, 548 P. 2d 1383; *Rice* v. *Wadkins* (1976), 92 Nev. 631, 555 P. 2d 1232; *Edwards* v. *Walker* (1973),95 Idaho 289, 507 P. 2d 486; *Scammon* v. *Saco* (Me. 1968), 247 A. 2d 108; *Reddell* v. *Norton* (1956), 225 Ark. 643, 285 S. W. 2d 328; *Brewster* v. *Ludtke* (1933), 211 Wis. 344, 247 N.W. 449; *Fuller* v. *Ill. Cent. RR. Co.* (1912), 100 Miss. 705, 56 So. 783; *Costa* v. *Lair, supra; Joseph* v. *Lowery, supra.*

[6] See Woods, The Negligence Case: Comparative Fault, Section 16:3.

[7] Appellees in their brief cite *Hoffman* v. *Jones* (Fla. 1973), 280 So. 2d 431; *Li* v. *Yellow Cab Co.* (1975), 13 Cal. 3d 804, 532 P. 2d 1226; *Kaatz* v. *State* (Alaska 1975), 540 P. 2d 1037; *Kirby* v. *Larson* (1977), 400 Mich. 585, 256 N. W. 2d 400.

Justice Locher herein. However, on the recurring subject of the unlawfulness of the retroactive application of laws, I am compelled to make a few comments.

As stated in the majority opinion, "[a] statute is presumed to be prospective in its operation unless *expressly* made retrospective," R.C. 1.48. (Emphasis added.) Prospectivity or retroactivity of a statute is always to be measured from the effective date of the statute. Also, contrary to the principle expressed in *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290], in which case I admittedly concurred, the subject which is questioned as to the retroactive or prospective application of the law is the occurrence which gave rise to the cause of action and not the pursuit of such cause of action. If there is no specific expression by the General Assembly that the statute is to be retroactive in its application, R.C. 1.48 provides that it is to be prospective and, accordingly, applied to causes of action arising subsequent to the effective date of the legislation.

If the General Assembly specifically expresses in the statute that it is to be retroactively applied to causes arising prior to the effective date of the statute, then, courts will seek to determine whether the statute is procedural or remedial on the one hand, or whether it is substantive on the other. If the statute is substantive, applying the statute retroactively would violate Section 28 of Article II of the Ohio Constitution. Following this procedure would render the determination of most of these issues a simple matter. A look to the statute itself is all that is required.

Here, the statute is silent as to its retroactive applicability; therefore, it is to be applied only prospectively. Further, the statute, as correctly held by the majority here, is substantive and therefore may only be applied prospectively.

Accordingly, I concur as aforestated.

W. BROWN, J., concurs in the foregoing concurring opinion.

CLIFFORD F. BROWN, J., dissenting. Because I am of the opinion that the Comparative Negligence Act is remedial in nature and applies to all causes of action tried after its effective date, I must respectfully dissent from today's decision. My reasons for doing so can be easily stated.

The Comparative Negligence Act presents a classic example of the procedural or remedial law as defined by this court in *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, at 72, and see paragraph two of the syllabus, as a "method of enforcement of rights or of obtaining redress." See, also, *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, at 178 [40 O.O.2d 162], and paragraph one of the syllabus; *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537 [8 O.O. 531]; *Smith* v. *New York Central RR. Co.* (1930), 122 Ohio St. 45. This statute does not change a defendant's liability for the consequences of his negligence. Rather, it alters the manner in which the negligence of the parties is taken into account in determining damages by substituting a concept of partial recovery for the previously enforced total bar of recovery under contributory negligence.

To say, as does the majority, that "application of R.C. 2315.19 to causes arising before its effective date *would change the legal character of rights and responsibilities arising out of past transactions*" (emphasis added) is inaccurate. A person is under the legal duty to exercise ordinary care regardless of whether the law of contributory negligence or that of comparative negligence is in force. It is this legal responsibility which existed at the time of the accident upon which we should focus, not upon any statutory change made subsequent to the accident which affects the remedy available to the injured party. The nature of the driver's negligent actions is unchanged; the substantive portion of the law at issue, the standard of care to be exercised, remains constant.

The uninsured motorist in the present case had been drinking. He initiated a chase with a phantom car, did not have his lights on, and had no driver's license. He estimated his own speed at 110 m.p.h. before he careened over the median strip, rolled over several times, and finally came to rest in plaintiff's lane. To say that an insured has no right to recover from his insurance company for the injuries he sustained as a result of these actions is incongruous in view of the obvious intent of the legislature in enacting R.C. 2315.19.

In characterizing the Comparative Negligence Act as substantive law, the majority offers admittedly negligent parties a legal justification for their culpable acts in spite of the clear legislative intent to provide those injured by such acts with a more equitable and effective remedy as expeditiously as possible. The legislative intent to grant this quick relief to parties affected by R.C. 2315.19 is evidenced by the following factors: (1) its placement in the Revised Code under the title "Trial Procedure" which seemingly indicates it is to be utilized in all trials taking place after its effective date; (2) the laudable purpose sought to be achieved by the legislature when it enacted R.C. 2315.19, thereby correcting the harsh rule of contributory negligence; and (3) the legislative mandate contained in R.C. 1.11 which allows for liberal construction of remedial laws.[8]

The majority is apparently under the belief that any "fundamental change in the law" is necessarily substantive in nature. The difference between substantive and procedural, however, is not a distinction between large and small, important and insignificant. The issue is whether the law imposes a new duty or privilege apart from those in existence at the time of the occurrence in question.[9]

---

[8] R.C. 1.11 provides that "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice."

[9] In holding R.C. 2315.19 to be procedural in nature, the Court of Appeal's majority opinion authored by Judge Edward Mahoney cited with approval the following language contained in *Straub* v. *Voss* (September 2, 1981), Medina Cty. Ct. of Appeals No. 1009, unreported. In *Straub*, Judge William Victor cogently set forth the factors which should be considered in any decision which relates to the retroactive or prospective application of a statute:

"* * * Thus, in addition to the decision concerning the nature of the statute, we must also

As previously stated, under contributory negligence a defendant was not relieved of liability for the consequences of his own negligence; the plaintiff was simply barred from recovery. Under comparative negligence, the plaintiff's actions are taken into account as a factor which mitigates damages. The duty of a defendant to exercise the requisite standard of care, however, is the same under either. Accordingly, R.C. 2315.19 must be characterized as a procedural law. Any discussion as to its purported "retroactive application" is therefore superfluous since application of a procedural law to any case tried after its effective date is necessarily prospective in nature. *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 117-118 [11 O.O.3d 290].

Finally, it must be noted that contributory negligence is a judicially created doctrine. As it is the court's responsibility to modify the common law, when the interests of justice demand, it is well within our power to judicially abrogate the doctrine of contributory negligence without further delay. In so doing, not only would we be following the wishes expressed by the General Assembly, but also we would avoid both the disparate treatment of pending negligence cases[10] and the harshness resulting from the majority's imposition of an arbitrary date after which the defense of contributory negligence will no longer constitute an absolute bar to recovery.

CELEBREZZE, C.J., and SWEENEY, J., concur in the foregoing dissenting opinion.

---

consider and determine whether a retrospective application thereof would result in its object being deprived of some right of substantive due process. Factors pertinent to such a consideration are discussed in the following articles: Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation, 73 Harvard L.R. 692 [696, 727] (1960), Koopmans, Retrospectivity Reconsidered, 39 Cambridge L.J. 287 (1980).

"Two of those factors include, (1) the severity of the statute's modification or abrogation of the pre-statutory rule, and (2), the reliance that the public placed upon the rule of law that is altered or repealed. Compare R.C. 1.49(A), (D), and (E).

"The substitution of comparative negligence for contributory negligence does not result in a severe modification of the pre-statutory rule. Under R.C. 2315.19 the plaintiff's negligence may act as a complete bar to his recovery in some cases and as only a partial bar in others.

"A defendant, when he commits a negligent act, does not rely on the defense of contributory negligence to escape liability. Negligence actions arise because of inadvertence, inattention and errors in judgment on the part of another; the act is not intentional. Hence, a defendant in a negligence action cannot claim that in committing the unintentional act he was relying upon the defense of contributory negligence. One writer contends that reliance is also lessened by the fact that contributory negligence is a common law rule and not a legislative one. See Schwartz, Comparative Negligence, Section 8.5 (1974). These considerations lead us to believe that a retrospective application of R.C. 2315.19 does not deprive a party of substantive due process. Consequently, we find no constitutional impediment in applying R.C. 2315.19 to cases tried after June 20, 1980, but which accrued prior thereto."

[10] Failure to apply R.C. 2315.19 to negligence claims arising before the effective date of the statute, June 20, 1980, but tried thereafter, will permit the rule of contributory negligence to continue in effect for many years, insofar as minors, incompetents and others under legal disability are concerned. Conceivably this means that even after we have entered the 21st Century, some cases will still be tried under the now-discredited rules of contributory negligence. This incongruous result constitutes unequal protection of the law.