STRAUB ET AL., APPELLANTS AND APPELLEES, *v.* VOSS, APPELLEE AND APPELLANT. (TWO CASES.)

[Cite as Straub *v.* Voss (1982), 1 Ohio St. 3d 182.]

(Nos. 81-1574 and 81-1771—Decided August 11, 1982.)

*Mr. Don C. Iler* and *Mr. Stephen J. Brown,* for Straub et al.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. Orville L. Reed, III,* and *Mr. Seth A. Jacobs,* for Voss.

*Per Curiam.* This cause raises two distinct issues. Case No. 81-1574 presents the question of whether the affirmative defense of implied assumption of the risk is merged into comparative negligence. Case No. 81-1771 was certified by the Court of Appeals to resolve a conflict with unreported cases in the Sixth, Eighth and Tenth Appellate Districts over the applicability of R.C. 2315.19 to causes accruing before its effective date, but tried subsequently. Because of our resolution to the second question, we consider only it.

In *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173, we were faced with precisely the same issue. There we held that R.C. 2315.19 does not apply to causes arising prior to its effective date. We stated in the syllabus:

"R.C. 2315.19 affects substantive rights and applies prospectively to causes of action arising after June 20, 1980, the effective date of the statute."

As Straub's cause of action arose nearly two years prior to June 20, 1980, R.C. 2315.19 does not apply. Since comparative negligence is inapplicable, we have no occasion to decide the other important issue presented: is implied assumption of the risk merged into comparative negligence. Due to the present posture of this cause, this question is not ripe, so its resolution must await another day and cause.

Based on the foregoing, the judgment of the Court of Appeals is affirmed, although we reach the result by a different route than did the Court of Appeals.

*Judgment affirmed.*

W. BROWN, LOCHER, HOLMES and KRUPANSKY, JJ., concur.
CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J. dissenting. The instant appeal raises two issues. The first, and only one reached by the majority, is whether R.C. 2315.19, which establishes the principle of comparative negligence in Ohio, should apply to actions arising before, but tried after the effective date of that statute. The second issue, which the majority does not reach, is whether the adoption of the comparative negligence statute abrogated the defense of implied assumption of risk.

In *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173, dissenting opinion at 179, I concluded that the comparative negligence statute properly applies to cases such as this, tried after the effective date of R.C. 2315.19. Accordingly, I dissent from the majority holding that the principle of comparative negligence does not apply to the parties in this case.

Although declining to do so in this case, this court has previously recognized the need to reevaluate application of the defense of assumption of risk in light of the adoption of the comparative negligence statute. *Benjamin* v. *Deffett Rentals* (1981), 66 Ohio St. 2d 86 [20 O.O.3d 7,] at 90 fn. 5. My analysis of the overlap between implied assumption of risk and contributory negligence convinces me that R.C. 2315.19 did abrogate the defense of implied assump-

tion of risk, thereby permitting partial recovery even when assumption of risk is implied. This position accords with the large and growing number of enlightened jurisdictions which have judicially merged assumption of risk into the framework of negligence and contributory negligence following enactment of comparative negligence statutes by the respective state legislatures. See *Farley* v. *M.M. Cattle Co.* (Tex. 1975), 529 S.W. 2d 751; *Springrose* v. *Willmore* (1971), 292 Minn. 23, 192 N.W. 2d 826; *Gilson* v. *Drees Brothers* (1963) 19 Wis. 2d 252, 120 N.W. 2d 63; *Brittain* v. *Booth* (Wyo. 1979), 601 P. 2d 532; *Kopischke* v. *First Continental Corp.* (Mont. 1980), 610 P. 2d 668; *Lyons* v. *Redding Constr. Co.* (1973), 83 Wash. 2d 86, 515 P. 2d 821; *Wilson* v. *Gordon* (Me. 1976), 354 A. 2d 398.

Finding the jury instruction to be incomplete and therefore prejudicial because it failed to consider the possibility of partial recovery, I would reverse the lower courts and remand the cause for a new trial.

CELEBREZZE, C.J., and SWEENEY, J., concur in the foregoing dissenting opinion.