WILFONG ET AL., APPELLANTS, *v.* BATDORF ET AL., APPELLEES.
DARDIO, EXR., APPELLANT, *v.* BALTIMORE & OHIO RR. CO. ET AL.,
APPELLEES.

[Cite as Wilfong *v.* Batdorf (1983), 6 Ohio St. 3d 100.]

(Nos. 82-944 and 82-1091—Decided August 3, 1983.)

Messrs. *Frank W. Cubbon, Jr. & Associates Co., L.P.A., Mr. Guy T. Barone* and *Mr. Stuart F. Cubbon,* for appellants in case No. 82-944.

Messrs. *Neipp & Wingart* and *Mr. Edward A. Van Gunten,* for appellees in case No. 82-944.

*King, Hermon & Berry Co., L.P.A., Mr. James C. King, Messrs. Weger, Jauert & Herman* and *Mr. Douglas S. Jauert,* for appellant in case No. 82-1091.

Messrs. *Cory, Leonard, Witter & Cheney, Mr. Frank B. Cory, Messrs.*

*Shumaker, Loop & Kendrick, Mr. Robert M. Anspach* and *Ms. Renee Birnbaum,* for appellees in case No. 82-1091.

CLIFFORD F. BROWN, J. These cases can be divided into two distinct issues. The first is whether the failure to give an audible signal by plaintiff-appellant Cindy Wilfong before attempting a passing maneuver was negligence per se and the proximate cause of the ensuing accident. The second, an issue common to both cases, is whether the doctrine of comparative negligence should have been applied as the standard by which to judge the conduct of the plaintiff and plaintiff's decedent.

I

After argument by defendant Batdorf's counsel, concerning the failure of plaintiff Wilfong to give an audible signal before attempting to pass, the trial court concluded that her failure to signal in an effective manner before overtaking the truck was, as a matter of law, the proximate cause of the accident. However, the mere failure of a driver of an overtaking vehicle to give an audible signal before passing a vehicle to be overtaken is not sufficient evidence to render that driver guilty of contributory negligence as a matter of law. See *Christian* v. *Cleveland Ry. Co.* (1932), 13 Ohio Law Abs. 208, at 211; *Galliher* v. *Campbell* (1954), 69 Ohio Law Abs. 378, at 384.

R.C. 4511.27 (A) requires the operator of a vehicle to "* * * *signal* to the vehicle or trackless trolley to be overtaken * * *." (Emphasis added.) There is no requirement for an audible signal in Subsection (A) of R.C. 4511.27. In contrast, Subsection (B) requires "* * * the operator of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle at the latter's audible signal * * *." These sections state separate requirements and the fact Subsection (A) does not mention an audible signal is significant.

The purpose of giving a signal before passing is to alert the vehicle being overtaken so that such vehicle will not move into the left lane where the overtaking vehicle is travelling.[2] The requirement that such signal be audible is not set forth in R.C. 4511.27 (A). Any signal which would be effective to alert a driver of a vehicle to be overtaken of the intention of an overtaking vehicle's driver to pass is sufficient to satisfy Subsection (A).

It is a question of fact whether the signal given by an overtaking vehicle's driver is sufficient. The use of a signal indicator and the moving of the overtaking automobile into the left lane could be construed as sufficient to fulfill the requirements of R.C. 4511.27 (A) to an operator of an overtaken vehicle who is properly keeping a check on traffic in his rearview mirror.

---

[2] *Employers Fire Ins. Co.* v. *Cliff Wood Coal & Supply Co.* (1948), 85 Ohio App. 77, 83 [40 O.O. 68], states: "The purpose of the section requiring the giving of a signal by the overtaking vehicle is to warn the driver of the overtaken vehicle of the intention of the driver of the overtaking vehicle to pass so that he will not turn his vehicle to the left into the lane of traffic of the overtaking vehicle and thereby obstruct or interfere with its passage, and so, if necessary to permit the passage of the overtaking vehicle he will give way to the right * * *."

Whether such signal by plaintiff was sufficient in this case is an issue for determination by the trier of fact. Also, whether the use of an audible signal would have been effective in this situation, when plaintiff wished to signal to defendant to yield the right of way, is a question of fact in light of the testimony in the record indicating that the defendant may have been unable to hear the horn blast.[3]

## II

Contributory negligence has long been a bar to recovery by a plaintiff under the common law in Ohio. No matter what the degree of plaintiff's negligence, however slight, a plaintiff who was contributorily negligent could not recover damages. *Tresise* v. *Ashdown* (1928), 118 Ohio St. 307; *McKinley* v. *Niederst* (1928), 118 Ohio St. 334; *Smith* v. *Lopa* (1931), 123 Ohio St. 213.

The General Assembly acted to remove this unjust result when it adopted R.C. 2315.19.[4] This statute abrogates the old common-law bar of contributory negligence and substitutes a comparative negligence standard. Under the comparative negligence standard a plaintiff may recover for injuries which flow from the negligence of a defendant even if that plaintiff is himself negligent to a degree. The recovery by the plaintiff is adjusted by the degree of his contributory negligence to the incident. This statute became effective on June 20, 1980.

Whether R.C. 2315.19 is to be given retrospective or only prospective application was addressed by this court in *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173, and *Straub* v. *Voss* (1982), 1 Ohio St. 3d 182, wherein it was concluded that R.C. 2315.19 should be applied only to causes of action arising after June 20, 1980. Today we reject those holdings and hereby overrule *Viers* v. *Dunlap* and *Straub* v. *Voss, supra.*

In a four to three decision, the court in *Viers,* at page 174, grounded its defense of prospective application on Section 28 of Article II of the Ohio Constitution, which states that "[t]he general assembly shall have no power to pass retroactive laws * * *," and the provision of R.C. 1.48 that: "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."

However, when a statute affects procedural rights, as opposed to substantive rights, the constitutional restraints on retrospective application

---

[3] Plaintiff Wilfong testified that before she pulled out to pass the defendant, she signaled with her signal indicator, and that after she began the passing maneuver, she gave at least one audible signal with her horn.

[4] R.C. 2315.19 (A) provides in pertinent part:

"In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionally equal to his percentage of negligence * * *."

are lifted. *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370]; *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115·[11 O.O.3d 290]. A procedural or remedial statute should be applied to all actions which come to trial after the effective date of such statute where the cause of action arose before such effective date. The dissent in *Viers* implies that there is substantial support for the application of remedial laws, such as comparative negligence, retrospectively[5] to any cause which comes to trial after June 20, 1980.

R.C. 2315.19 is remedial. It does not alter a defendant's liability for his negligent acts, but merely changes the way a court is required to weigh a plaintiff's negligence. A concept of partial recovery based upon the degree of plaintiff's negligence has been substituted for the previous bar to any recovery by the plaintiff.

The definitional mire of procedural versus substantive has only delayed the application of the remedial benefits of R.C. 2315.19 to negligence actions. In enacting R.C. 2315.19, the General Assembly sought to modify the ancient judicially created doctrine of contributory negligence, by replacing it with an equitable comparative negligence standard. There is nothing which bars this court from modifying the *common-law* doctrine of contributory negligence to harmonize with R.C. 2315.19. What the courts can judicially create (contributory negligence), courts can judicially eliminate.

Contributory negligence has been allowed for too long to bar plaintiffs, who are only the slightest degree negligent, from recovering for the injuries they have sustained as a result of a defendant's conduct. This court now adopts the comparative negligence standard set forth in R.C. 2315.19 as a modification of the common-law standard in Ohio. Such modification will avoid the harshness of an arbitrary date of enforcement of R.C. 2315.19 as set forth under the *Viers* rationale. No longer will discussions or arguments develop over whether R.C. 2315.19 is procedural or substantive. The characterization of R.C. 2315.19 as either will not alter the common law in Ohio which, as of today, recognizes a doctrine of comparative negligence consistent with R.C. 2315.19.

We therefore hold that the common-law bar of contributory negligence is no longer applicable in Ohio. The principle of comparative negligence, consistent with the provisions of R.C. 2315.19, applies in *all* negligence actions tried after June 20, 1980, irrespective of when the cause of action arose, as part of the common law of Ohio. To the extent that *Viers* v. *Dunlap* and *Straub* v. *Voss* are inconsistent with this determination, they are overruled.

Accordingly, the judgments of the court of appeals are reversed and the

---

[5] See *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370], at 72 and at paragraph two of the syllabus, as a method of "enforcement of rights or obtaining redress." See, also, *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175 [40 O.O.2d 162], at 178 and at paragraph one of the syllabus; *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537 [8 O.O. 531]; *Smith* v. *New York Central RR. Co.* (1930), 122 Ohio St. 45.

causes are remanded to the trial courts for further proceedings not inconsistent with this opinion.

*Judgments reversed
and causes remanded.*

CELEBREZZE, C.J., SWEENEY and J. P. CELEBREZZE, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

J. P. CELEBREZZE, J., concurring. Our decision today by overruling *Viers v. Dunlap* (1982), 1 Ohio St. 3d 173 and *Straub v. Voss* (1982), 1 Ohio St. 3d 182, continues in our path of advanced judicial thinking, improving the quality of law in Ohio for all. So often when this occurs we find muttering and grumbling containing nonsense about a revolving door treatment of *stare decisis.* The implication in such view is that any recent legal precedent of this court containing bad law should not be overruled. This is not the correct meaning of *stare decisis.* Bad law created by a court, even though only a day old, should be overruled by the creating court as soon as it recognizes the bad law.

This enlightened judicial thinking can be epitomized in a few excerpts from an opinion of a learned jurist of this court many years ago. Judge Wanamaker in *Adams Express Co. v. Beckwith* (1919), 100 Ohio St. 348, at page 352, stated:

"A decided case is worth as much as it weighs in reason and righteousness, and no more. It is not enough to say 'thus saith the court.' It must prove its right to control in any given situation by the degree in which it supports the rights of a party violated and serves the cause of justice as to all parties concerned."

Similar advanced, progressive judicial thought has been expressed in *Baker v. McKnight* (1983), 4 Ohio St. 3d 125, concurring opinion, Clifford F. Brown, J., at page 130; *Blankenship v. Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], concurring opinion, Clifford F. Brown, J., at page 618; *Bonkowsky v. Bonkowsky* (1982), 69 Ohio St. 2d 152 [23 O.O.3d 188], dissenting opinion, William B. Brown, J., at page 165; *Shroades v. Rental Homes* (1981), 68 Ohio St. 2d 20 [22 O.O.3d 152], concurring opinion, Clifford F. Brown, J., at pages 28-29; and *Thrash v. Hill* (1980), 63 Ohio St. 2d 178 [17 O.O.3d 109], dissenting opinion, Sweeney, J., at page 184.

LOCHER, J., dissenting. I too, like Justice Holmes, am troubled by the cavalier and convenient disregard with which the majority in its opinion treats the time-honored judicial doctrine of *stare decisis.* I am more chagrined, though, by the tortured route which the court has followed in making its determination.

The majority boasts that its decision, reached through the abrogation of the common-law doctrine of contributory negligence, will deliver us, at least in this instance, from "[t]he definitional mire of procedural versus substantive" statutory distinctions. This much feared morass only poses an obstacle, however, for those unfamiliar with its readily distinguishable contours. Indeed, the very nature of R.C. 2315.19 not only mandates that this procedural-substantive dichotomy be addressed, but also precludes this court from obviating the doctrine of contributory negligence and applying the doctrine of comparative negligence to any causes of action arising before the effective date of the statute, *i.e.,* June 20, 1980.

No one disputes that a statute may only be applied to causes occurring before its effective date if such statute affects procedural, rather than substantive, rights. That R.C. 2315.19 modifies the substantive rights of parties to a negligence action, and, thus, may properly be applied only to causes accruing on or after June 20, 1980, may be inferred from observing the fundamental reordering the statute works in such parties' legal relationships. As I stated in writing for the majority of this court less than a year ago:

"* * * Where before [the application of comparative negligence] a defendant was shielded from liability by plaintiff's contributory negligence, this defendant no longer enjoys such protection. Where before a plaintiff who was contributorily negligent was denied recovery, he is now — as long as his misfeasance is not the predominant cause of his injury — entitled to damages. * * *" *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173, 175. Clearly, no modification could be more substantive than that which imposes upon one party the obligation to compensate and grants another the right to be compensated where before neither such duty nor such entitlement existed. Moreover, it is of no moment, at least in ascertaining whether the subject statute implicates substantive or procedural rights, that parties do not consider the ultimate availability of the defense of contributory negligence in embarking upon a reckless course of behavior. It is sufficient that, in planning their financial affairs, they rely on the fact that certain occurrences, *e.g.,* the contributory negligence of another party, will relieve them of any liability.

In holding that the General Assembly, by making R.C. 2315.19 effective June 20, 1980, left intact the court's power to abrogate the doctrine of contributory negligence for all causes of action arising before and tried after that date, the majority grossly misconstrues and circumscribes the import of the enactment. As stated earlier, a review of R.C. 2315.19 plainly evinces that the statute is substantive in nature and is, therefore, applicable only to causes of action arising on or after its effective date. Thus, the General Assembly — neither having deemed the statute to be remedial nor having expressly made it retroactive — has, in effect, determined that *only* those causes occurring on or after June 20, 1980, shall be governed by the rules of comparative negligence. Thus, it is patent, by implication, that those actions arising before that date shall not be so governed. In short, this court's

common-law jurisdiction, at least as regards the demise and advent, respectively, of the doctrines of contributory and comparative negligence, has been preempted by the General Assembly's enactment of R.C. 2315.19. Although contributory negligence may have had its genesis in the common law, statutory law has determined its end.

Finally, the majority in its opinion decries the "harsh" and "arbitrary" date selected for the enforcement of R.C. 2315.19 under *Viers, supra.* Clearly, whatever a statute's effective date, it will frustrate those who, because of vagaries of fate and poor-timing, will be unable to avail themselves of the statute's beneficence. What system, however, could be more harsh or inequitable than that proposed by the majority which favors two equally misfeasant parties whose accidents occurred on the same day the one whose action was tried on June 20, 1980, rather than the one whose cause was heard before that date? The court's holding unabashedly penalizes those plaintiffs who acted expeditiously and vigorously in pursuing their claims. In contrast, the *Viers* standard ensures that all those whose causes arose on the same day will be afforded the same juridical treatment.

It is, then, on the basis of the foregoing analysis that I feel myself duty bound to dissent from the decisions which the majority reaches today.

W. Brown, J., concurs in the foregoing dissenting opinion.

Holmes, J., dissenting. The legal community of Ohio may reasonably look with dismay, if not disbelief, upon the opinion of the majority here. Once again, the court engages itself in its revolving door policy of ever changing legal principle. In a classic showing of its complete disregard, if not contempt, for the time honored principle of *stare decisis,* this court now reverses its position on precisely the same issue upon which it had pronounced itself, not just once, but upon three separate occasions within the last two years.

In *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86, 90 [20 O.O.3d 71], this court, in footnote 5 to the opinion written by Justice Sweeney, stated that R.C. 2315.19 need not be considered in a cause of action which arose prior to its effective date but was tried after such date. The note stated, in pertinent part:

"* * * Since the instant cause of action arose prior to the most recent enactment of R.C. 2315.19, this court need not now decide what effect, if any, the comparative negligence statute would have on a defense which partakes of both assumption of risk and contributory negligence."

Thereafter, this court decided *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173, which also was a case where the accident giving rise to the cause of action occurred some time prior to June 20, 1980, the effective date of R.C. 2315.19, and the trial occurred after such date. The brief, but clear and pointed syllabus of *Viers* was:

"R.C. 2315.19 affects substantive rights and applies prospectively to

causes of action arising after June 20, 1980, the effective date of the statute.''

On the same date that this court issued its opinion in *Viers,* it also released the opinion in *Straub* v. *Voss* (1982), 1 Ohio St. 3d 182, in which this court again pronounced the law that R.C. 2315.19 was to be applied prospectively only.

It is not necessary for purposes of this dissent to set forth at any length the law as it should be, and for a two-year period has been, relative to this issue. Such valid law was set forth in the majority opinion of Justice Locher in *Viers* and in my concurrence in the syllabus law of that case. However, I feel it necessary to set forth a few points discussed by what was then a majority of this court upon the precise issue.

At the outset, I refer to my comment in *Viers* that the question of the prospective versus retrospective application of this statute is clearly answered by the adherence to the statutory policy of the presumption of prospectivity to be applied to enactments of the General Assembly. R.C. 1.48 provides that ''[a] statute is presumed to be prospective in its operation unless expressly made retrospective.'' As I stated in *Viers*:

''* * * If there is no specific expression by the General Assembly that the statute is to be retroactive in its application [as in the instance of this statute], R.C. 1.48 provides that it is to be prospective and, accordingly, applied to causes of action arising subsequent to the effective date of the legislation.'' *Id.* at 179.

Also, I concurred with the majority in *Viers* that the statute was substantive in nature, and therefore could only be applied prospectively in conformity with Section 28, Article II of the Ohio Constitution. The substantive, rather than procedural, nature of R.C. 2315.19 was very aptly stated by Justice Locher in *Viers,* at 175-176, as follows:

''Similarly groundless is appellees' argument that R.C. 2315.19 is merely remedial. Although semantic formulations can be devised to understate the obvious, it is patently clear that the statute markedly affects substantive rights. Where before a defendant was shielded from liability by a plaintiff's contributory negligence, this defendant no longer enjoys such protection. Where before a plaintiff who was contributorily negligent was denied recovery, he is now — as long as his misfeasance is not the predominant cause of his injury — entitled to damages. To characterize, as appellees do, such a fundamental change in the law as affecting only trial procedure and the mode by which a remedy is effected defies logic. The application of R.C. 2315.19 to causes arising before its effective date would change the legal character of rights and responsibilities arising out of past transactions in complete derogation of R.C. 1.48.''

Justice Locher also correctly pointed out that it was not the province of this court to legislate that which the General Assembly had chosen not to do, stating at 178 as follows:

* * * This court's duty in the instant cause is to enforce the will of the

General Assembly. We may not, consonant with that obligation, ignore the clear dictates of R.C. 2315.19. In construing a statute codifying the doctrine of comparative negligence, we lack the freedom enjoyed by courts that have affected the regime of contributory negligence by modifying the common law, the exclusive bailiwick of the judiciary."

It appears upon a review thereof that the overwhelming trend among the states which have adopted comparative negligence statutes similar to Ohio's statute, which is silent as to its retroactivity, has been to deny retroactive application.[6] As an example, in *Joseph* v. *Lowery* (1972), 261 Ore. 545, 495 P. 2d 273, the Oregon Supreme Court held that comparative negligence invades a substantive right and affirmed a presumption against retroactivity. The court stated:

"Under the comparative negligence statute, a plaintiff whose negligence is less than that of the defendant is not barred from recovery by virtue of his contributory negligence, but is allowed recovery reduced by the degree of his fault. Therefore, if applied retroactively, the act would affect legal rights and obligations arising out of past actions * * * [i]f applied retroactively, the statute could create a duty to pay which did not exist at the time the damage was inflicted." *Id.* at 549.

I strongly conclude that the law as most recently announced in *Viers* and *Straub, supra,* should be followed by the court in this case. To do otherwise again completely demolishes any remaining semblance of the doctrine of *stare decisis* in this state. The only change that has taken place which would conceivably alter our position as announced in those cases has been an intervening change of personnel on the court — precisely the type of changed circumstance that the doctrine of *stare decisis* has been relied upon to maintain the stability of the case law of this jurisdiction. What confidence may attorneys, judges and litigants have in the stability of the decisional law of this court? This query is self-answering.

I would affirm the judgment of the court of appeals.

W. BROWN, J., concurs in the foregoing dissenting opinion.

---

[6] In addition to the cases cited above, retroactivity was denied in each of the following cases: *Hunt* v. *Sun Valley Co.* (C.A. 9, 1977), 561 F. 2d 744 (applying Idaho law); *Crutsinger* v. *Hess* (D. Kan. 1976), 408 F. Supp. 548; *Fuller* v. *Illinois Cent. RR. Co.* (1911), 100 Miss. 705, 56 So. 783; *Dunham* v. *Southside Natl. Bank of Missoula* (1976), 169 Mont. 466, 548 P. 2d 1383; *Rice* v. *Wadkins* (1976), 92 Nev. 631, 555 P. 2d 1232; *Jones* v. *Jones* (1973), 113 N.H. 553, 311 A. 2d 522; *Joseph* v. *Lowery* (1972), 261 Ore. 545, 495 P. 2d 273; *Brewster* v. *Ludtke* (1933), 211 Wis. 344, 247 N.W. 449; *Crane* v. *Weber* (1933), 211 Wis. 294, 247 N.W. 882. Clearly, the prevailing view where a statute is silent as to retroactivity is to deny retroactivity.