OPINION
Appellant Lakewood School District Board of Education ("Lakewood") is appealing the decision of the Licking County Court of Common Pleas that denied its motion to dismiss, in part, finding Lakewood not immune from liability pursuant to R.C.2744.02(B)(4). The facts giving rise to this appeal are as follows.
On July 7, 1997, Appellees Jennifer E. Mead, by and through her parent and guardian Kenneth L. Mead, Jr., filed a complaint as a result of an injury Appellee Jennifer Mead received to her eye while taking apart a wire coat hanger. The complaint alleges appellants were negligent in failing to supervise, instruct or warn Appellee Jennifer Mead of the danger posed by the coat hanger. Appellee further alleged, in their complaint, that appellant failed to comply with express or implied policies of conduct, safety and supervision and that Appellant Lakewood negligently failed to supervise its employee, Appellant Harmon, and failed to implement safety standards to be followed in Appellant Harmon's classroom.
On July 24, 1997, appellants filed a motion to dismiss the claims made by appellees on the basis that Appellant Lakewood was immune from suit under Chapter 2744 and none of the exceptions to immunity in that Chapter were applicable in this case. Subsequently, on August 18, 1997, the trial court issued its decision finding that appellees could not rely upon the exception to immunity found in R.C. 2744.02(B)(2). The trial court further held that appellees' claims fell under the pre-tort reform version of R.C. 2744.02(B)(4) and denied appellants' motion to dismiss pursuant to this section of the statute and pursuant to R.C.2744.03(A)(6).
Appellants timely filed their notice of appeal on September 15, 1997. Appellees filed a motion to dismiss the appeal on September 18, 1997. This Court overruled appellees' motion on October 14, 1997. Appellants set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO DISMISS BECAUSE APPELLANTS ARE IMMUNE FROM SUIT UNDER O.R.C. 2744.02(A).
 II. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO DISMISS BECAUSE THE EXCEPTION TO IMMUNITY CLAIMED BY APPELLEE IS INAPPLICABLE TO THIS CASE, TO WIT: O.R.C. SECTION 2744.02(B)(4).
 Standard of Review
Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc.
(1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hansonv. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991),57 Ohio St.3d 56, 60. It is based upon this standard that we review appellants' assignments of error.
 Applicable Law
Prior to addressing the merits of appellants' case, we must first determine the applicable version of the statute. The trial court found that R.C. 2744.02, prior to its amendment by H.B. 350, applies to this case. We agree. The revised version of R.C.2744.02 became effective January 27, 1997. The injury in this matter occurred on September 27, 1996, prior to the effective date of H.B. 350.
In the case of Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, the Ohio Supreme Court addressed the issue of retroactive application and held: "The rule has been embodied in Ohio law by R.C. 1.48 which states: " `[a] statute is presumed to be prospective in its operation unless expressly made retrospective.' " Van Fossen at 105. Thus, " `where there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment.' "Id. at 106, citing Kiser v. Coleman (1986), 28 Ohio St.3d 259,262.
Therefore, since the injury to Appellee Jennifer Mead occurred prior to the effective date of H.B. 350, we find the trial court correctly applied the pre-H.B. 350 version of R.C.2744.02. This conclusion is consistent with our prior decision denying appellees' motion to dismiss the appeal under H.B. 350 because a motion to dismiss is procedural. State ex rel. Hansonv. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. "A procedural or remedial statute should be applied to all actions which come to trial after the effective date of such statute where the cause of action arose before such effective date. Wilfong v.Batdorf (1983), 6 Ohio St.3d 100, 104. Thus, this cause of action is a final appealable order pursuant to R.C. 2744.02(C).
 II
We will address appellants' second assignment of error first as it is dispositive of this matter on appeal. For the reasons that follow, we find only the exception to immunity contained in R.C. 2744.02(B)(4) applicable.
Under R.C. 2744.01(F), school districts are included within the definition of "political subdivisions". R.C. 2744.01(C)(2)(c) specifies that a system of public education is a "governmental function". Therefore, school districts enjoy the general grant of immunity found in R.C. 2744.02(A)(1). The only way a party may recover against a political subdivision is if the claimant can demonstrate a set of facts that fall under one of the exceptions to the general grant of immunity under R.C. 2744.02(B)(1) through (5). However, even after this occurs, the political subdivision may still assert the more specific defenses and immunities found in R.C. 2744.03(A)(1) through (5).
In the case sub judice, appellees claim appellants are liable under the exceptions contained in R.C. 2744.02(B)(2) and (4). These sections provide as follows:
 (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivision.
 (4) Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section R.C. 2921.01
of the Revised Code.
We agree with the trial court's conclusion that the exception to immunity contained in R.C. 2744.02(B)(2) is inapplicable to this case. R.C. 2744.01(C)(2)(c) specifies a system of public education is a "governmental function". Further, R.C.2744.01(G)(1)(a) makes clear that any function listed under R.C.2744.01(C)(2) cannot be a "proprietary function". R.C.2744.02(B)(2) only imposes liability for proprietary functions and not governmental functions, therefore, as a matter of law, the trial court properly granted appellants' motion to dismiss as it pertains to R.C. 2744.02(B)(2).
We also agree with the trial court's conclusion that the exception to immunity contained in R.C. 2744.02(B)(4) applies. As noted above, a system of public education is a "governmental function". R.C. 2744.01(C)(2)(C). Under this exception, appellees allege Appellant Lakewood School District is liable for Appellant Harmon's reckless instruction and supervision over the school project which lead to Appellee Jennifer Mead's injuries.
The governmental function of providing an education occurs at Hebron Elementary School and Appellant Harmon is an employee of Appellant Lakewood School District. Therefore, for purpose of Civ.R.12(B)(6), when construing the facts as true, we find appellees have plead sufficient facts to defeat appellants' motion to dismiss as to the claims against Appellant Lakewood School District.
Based upon the above analysis, we find the only applicable exception to immunity is contained in R.C. 2744.02(B)(4). Appellants' second assignment of error is overruled. Appellants' first assignment of error is moot based upon our disposition of appellants' second assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.