## Lomano v. Cigna Healthplan of Columbus, Inc.

*[Cite as 6 AOA 317]*

*Case No. 89AP-1285*
*Franklin County, (10th)*
*Decided August 23, 1990*

*Barry H. Wolinetz and Stanley L. Myers, Luper, Wolinetz, Sheriff, & Neidenthal, for Appellant.*

*James E. Pohlman and James D. Curphey, Porter, Wright, Morris, & Arthur, for Appellee.*

SHAW, J.

Plaintiff appeals from the dismissal by the common pleas court of his complaint for discovery brought pursuant to R.C. 2317.48. The trial court concluded that the information plaintiff sought to obtain was confidential and undiscoverable pursuant to the provisions of R.C. 2305.25 and 2305.251.

Construing the allegations of plaintiff's complaint as true, the record reveals that plaintiff, Dr. Jack Lomano, is a Franklin County physician who applied in December 1988 to become a member physician of defendant, Cigna Healthplan of Ohio, Inc. ("Cigna"). Cigna denied plaintiff's application in March 1989 without revealing any reason for the action, and has subsequently refused various requests made by plaintiff seeking information regarding the denial.

Cigna is a health maintenance organization ("HMO") certified to do business in this state pursuant to R.C. Chapter 1742. Under Cigna rules, enrolled subscribers to the HMO are entitled to reimbursement for medical care only if the treating physician is accepted by Cigna as a member physician.

Fearing that the denial of his application by Cigna was a tortious attempt to interfere with his business relationships with patients, plaintiff initiated the instant cause for discovery pursuant to a R.C. 2317.48 on May 24, 1989. Plaintiff requested the production of certain documents, sought responses to various interrogatories, and asked for defendant's attendance at a deposition.

Defendant filed an answer on July 3, 1989, denying plaintiff's allegations that the denial of his application was tortious. However, defendant admitted that plaintiff might be entitled to discovery pursuant to R.C. 2317.48, but specifically requested a protective order requiring plaintiff to keep confidential any and all information obtained during the course of the litigation. Subsequently, on July 14, 1989, Cigna moved the court to dismiss plaintiff's complaint for failure to state a claim for relief pursuant to Civ. R. 12(B) (6). Defendant maintained that the information sought was confidential pursuant to R.C. 2305.251. On that same date, defendant filed an amended answer pursuant to Civ. R. 15(A), which denied all allegations of plaintiff's complaint. The amended answer specifically raised, as its second defense, plaintiff's failure to state a claim for relief.

Following plaintiff's response to defendant's Civ. R. 12(B) (6) motion, the trial court on Octo-

ber 25, 1989 entered judgment in favor of defendant and dismissed plaintiff's complaint. The trial court concluded that an HMO is a medical group entitled to protection under the provisions of R.C. 2305.25. In reaching this conclusion, the trial court relied upon a decision of this court rendered in *Gates v. Brewer* (1981), 2 Ohio App. 3d 347.

Plaintiff now appeals and sets forth the following single assignment of error:

"The Appellant, for his assignment of error, states that the judgment rendered by the Franklin County Court of Common Pleas on October 25, 1989, is erroneous in that it is contrary to law."

Plaintiff's argument under the sole assignment of error is straight forward. Plaintiff maintains that because an HMO is not specifically mentioned under the provisions of R.C. 2305.25, Cigna is not entitled to the protection afforded by R.C. 2305.251. Defendant contends, in response, that the statute extends protection to utilization review committees and quality assurance committees regardless of their affiliation with a particular organization such as an HMO. Defendant concludes that because the parties agree the decision was made by such a committee, Cigna was entitled to the protection of R.C. 2305.251.

R.C. 2305.25 provides:

"No hospital or state or local society, and no individual who is a member or employee of a utilization review committee, quality assurance committee, or tissue committee of a hospital or community mental health center, of a hospital board or committee reviewing professional qualifications or activities of its medical staff or applicants for admission to its medical staff, of a utilization committee of a state or local society composed of doctors of medicine or doctors of osteopathic medicine and surgery or doctors of podiatric medicine, of a peer review committee of nursing home providers or administrators, or of a peer review committee, professional standards review committee, or arbitration committee of a state or local society composed of doctors of medicine, doctors of osteopathic medicine and surgery, doctors of dentistry, doctors of optometry, doctors of podiatric medicine, psychologists, or registered pharmacists shall be liable in damages to any person for any acts, omissions, decisions, or other conduct within the scope of the functions of such committee. Nothing in this section shall relieve any individual or hospital from liability arising from treatment of a patient.

"This section shall also apply to any member or employee of a nonprofit corporation engaged in performing the functions of a peer review committee of nursing home providers or administrators or of a peer review or professional standards review committee. No person who provides information under this section and provides such information without malice and in the reasonable belief that such information is warranted by the facts known to him shall be subject to suit for civil damages as a result thereof."

R.C. 2305.251 provides that all proceedings and records of the review committees described in R.C. 2305.25 are confidential and not subject to discovery. Accordingly, the issue presented in this case is whether a member or employee of a utilization review, quality assurance, peer review or professional standards review committee of an HMO is entitled to the immunity afforded by R.C. 2305.25, thus precluding the discovery of the proceedings and records of such committees.

Plainly, the term "HMO" is nowhere used in either R.C. 2305.25 or 2305.251. Moreover, the statute cannot be construed in a manner to extend immunity to Cigna. Rather, R.C. 2305.25 provides immunity only to members or employees of utilization review, quality assurance, or tissue committees of a hospital or community health center; to members or employees of a utilization committee of a state or local society composed of doctors; to members or employees of peer review committees of nursing home providers or administrators; or, to members or employees of peer review or professional standards review committees of state or local societies composed of doctors. Although the second paragraph of R.C. 2305.25 can arguably be construed to extend immunity to members or employees of any peer review or professional standards review committee, a review of the statutory history of this section reveals that the immunity afforded by the second paragraph was intended to exempt members or employees of *nonprofit corporations* engaged in the functions of a peer review or professional standards review committee. Compare Am. H.B. No. 496 (134 Ohio Laws, Part I, 1028) with Am. H.B. No. 51 (139 Ohio Laws, Part I, 1500). Since Cigna is not a nonprofit organization, the second paragraph has no application in this case. Accordingly, this court concludes that the trial court erred in finding that Cigna was entitled to the immunity afforded by R.C. 2305.25.

Parenthetically, this court notes that our decision in this case in no way undermines the

prior decision rendered in *Gates, supra.* Even conceding that the purpose of R.C. 2305.25 is to increase the quality of public health care by providing immunity to quality assurance review proceedings, the General Assembly has achieved this purpose only to the extent it provides immunity to the groups enumerated in the statute. This court will not read into R.C. 2305.25 medical institutions or groups notspecifically identified by the legislature. If Cigna desires coverage by the statute, it should direct its arguments to the General Assembly.

Based on the foregoing, plaintiff's sole assignment of error is sustained The judgment of the court of colon pleas is, therefore, reversed and this cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

REILLY, P.J., and McCORMAC, J., concur.

SHAW, J., of the Delaware County Common Pleas Court, sitting by assignment in the Tenth Appellate District.