LOMANO, Appellee,

v.

CIGNA HEALTHPLAN OF COLUMBUS, INC., Appellant.

[Cite as *Lomano v. Cigna Healthplan of Columbus, Inc.* (1992), 83 Ohio App.3d 40.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–399.

Decided Oct. 6, 1992.

*Luper, Wolinetz, Sheriff & Neidenthal, Barry H. Wolinetz, Stanley L. Myers* and *Craig Carlson,* for appellee.

*Porter, Wright, Morris & Arthur, James E. Pohlman, James D. Curphey* and *Christopher C. Russell,* for appellant.

BOWMAN, Judge.

Appellant, Cigna Healthplan of Columbus, Inc. ("Cigna"), is a health maintenance organization which certifies area physicians as health care providers in its insurance network. In May 1989, appellee, Dr. Jack Lomano ("Lomano"), filed a cause of action against Cigna, pursuant to R.C. 2317.48, seeking discovery of information regarding the rejection of his application to join Cigna's list of member physicians.

Lomano initiated the suit after Cigna maintained that the reasons for its rejection of his application and the identities of members of Cigna's peer review committee were confidential. The common pleas court subsequently granted Cigna's Civ.R. 12(B)(6) motion on the grounds that, as a health maintenance organization, Cigna is a medical group entitled to protection under the provisions of R.C. 2305.25, and so dismissed the discovery complaint.

On appeal, this court held that R.C. 2305.25 did not include peer review committees for health maintenance organizations within its list of those granted immunity from suit for civil damages. *Lomano v. Cigna Healthplan of Columbus, Inc.* (1990), 64 Ohio App.3d 824, 582 N.E.2d 1150 (*"Cigna I"*). Thus, we reversed and remanded the matter for further proceedings.

In March 1991, Cigna answered an amended set of interrogatories. In October 1991, the Ohio General Assembly, apparently responding to *Cigna I*, amended R.C. 2305.25 to include health maintenance organization peer review committees as persons protected from civil suit. Thus, under the new version of the statute, peer review committees of health maintenance organizations fall within the purview of R.C. 2305.251, which shields records of committees named in R.C. 2305.25 from discovery.

After amendment of the statute, Lomano propounded a second set of interrogatories. Cigna then moved to dismiss the discovery suit on the grounds that amendment of R.C. 2305.25, and its impact upon R.C. 2305.251, had resulted in the confidentiality of the information sought. In addition, Cigna argued that it was excused from responding because Lomano was entitled to propound only one set of interrogatories.

In February 1992, the trial court overruled Cigna's motion to dismiss and ordered Cigna to answer the second set of interrogatories. Cigna now appeals, raising the following assignments of error:

"I. The trial court erred failing to retroactively apply R.C. § 2305.251 where the statute was amended during the pendency of this case to include health maintenance organizations.

"II. The trial court erred in refusing to apply R.C. § 2305.251 where the information sought to be discovered by plaintiff-appellee was privileged and confidential.

"III. The trial court erred in holding that plaintiff is entitled to propound multiple sets of interrogatories under Ohio's discovery statute, R.C. § 2317.48."

This court must initially determine whether this interlocutory order is a final appealable order pursuant to R.C. 2505.02.[1] Cigna asserts that the trial court's decision affected a substantial right and arose out of a special proceeding, thus meeting the requirements of R.C. 2505.02 that an appeal be taken only from a final order.

R.C. 2505.02 provides:

---

1. Although appellee did not file a motion to dismiss for lack of a final, appealable order, the issue was raised in his brief and fully argued during oral argument.

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

Cigna's argument is premised on the retroactive application of the amendment of R.C. 2305.25 to appellee's discovery action, so as to bar discovery of the proceedings of its review committee pursuant to R.C. 2305.251. The amendment was part of Am.Sub.H.B. No. 259, and had an effective date of October 23, 1991.[2] As amended, the statute reads as follows:

"No hospital, no state or local society, and no individual who is a member or employee of any of the following committees shall be liable in damages to any person for any acts, omissions, decisions, or other conduct within the scope of the functions of the committee:

" * * *

"(F) A peer review committee of a health maintenance organization that has at least a two-thirds majority of member physicians in active practice and that conducts professional credentialing and quality review activities involving the competence or professional conduct of health care providers, which conduct adversely affects, or could adversely affect, the health or welfare of any patient. * * *"

Read in conjunction with R.C. 2305.25 is R.C. 2305.251, which states:

"Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, a hospital, a not-for-profit health care corporation which is a member of the hospital or of which the hospital is a member, or other health care institution arising out of matters which are the subject of evaluation and review by the committee. No person in attendance at a meeting of a review committee or serving as a member of a review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the committee or as to any finding, recom-

---

2. Inasmuch as the issues presently before the court concern only appellee's discovery action pursuant to R.C. 2317.48, we do not decide and do not express any opinion as to the application of the amendment to R.C. 2305.25 should appellee commence suit against Cigna for rejection of his application.

mendation, evaluation, opinion, or other action of the committee or member thereof. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of a committee nor should any person testifying before a committee or who is a member of the committee be prevented from testifying as to matters within his knowledge, but the witness cannot be asked about his testimony before the committee or opinion formed by him as a result of the committee hearing."

This court held, in *Cigna I*, that the prior version of R.C. 2305.25 did not include peer review committees of health maintenance organizations as a protected group. Thus, Cigna does not contend that it had a substantial right prior to amendment of the statute. Instead, Cigna asserts that the statutory amendment affected pending litigation, giving Cigna a substantial right to avoid discovery of its peer review committee records.

R.C. 1.48 provides:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

Am.Sub.H.B. No. 259 contains no language rendering the amendment to R.C. 2305.25 retroactive. In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraph one of the syllabus, the court held:

"The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply. Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution. * * * "

If "there is no clear indication of retroactive application, then the statute may only apply to cases which *arise* subsequent to its enactment." (Emphasis added.) *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 339, 503 N.E.2d 753, 756. The court further stated, in *Van Fossen*, 36 Ohio St.3d at 108, 522 N.E.2d at 497:

"The recent pronouncements in *Wilfong v. Batdorf* (1983), 6 Ohio St.3d 100, 6 OBR 162, 451 N.E.2d 1185, unfortunately may have blurred a number of the foregoing legal distinctions. In that case, the statutory inquiry under R.C. 1.48 as to whether the General Assembly intended the comparative negligence law, R.C. 2315.19, to operate retrospectively, was pointedly ignored by the majority of the court and the secondary, constitutional inquiry was erroneously set forth as the test for legislative intent. *Id.* at 104, 6 OBR at 165, 451 N.E.2d at 1188–1189.

Applying R.C. 1.48 should have fully determined the issue of legislative intent, and the inquiry whether the legislature had overstepped its constitutional limitations was, at that point in the analysis, entirely irrelevant. *Id.* at 108, 6 OBR at 169, 451 N.E.2d at 1192. The majority proceeded under the mistakenly assumed standard, *i.e.*, whether under Section 28, Article II the statute was substantive or remedial, and then concluded that it was 'a definitional mire.' *Id.* at 104, 6 OBR at 165, 451 N.E.2d at 1189. * * * "

■ Since there is no clear indication in the amendment to R.C. 2305.25 or in the enacting provisions of Am.Sub.H.B. No. 259 that the amendment is to be applied retroactively, we conclude that R.C. 2305.25 does not apply to appellee's discovery action. Having determined that the amendment of R.C. 2305.25 does not meet the threshold analysis required by R.C. 1.48, we need not consider whether constitutionally the amendment may be applied retroactively. *Van Fossen*, 36 Ohio St.3d at 108, 522 N.E.2d at 497.

The Ohio cases cited by Cigna in support of retroactive application of the amended statute are not applicable here. In both *Cleveland Trust Co. v. Eaton* (1970), 21 Ohio St.2d 129, 50 O.O.2d 354, 256 N.E.2d 198, and *Morgan v. W. Elec. Co.* (1982), 69 Ohio St.2d 278, 23 O.O.3d 271, 432 N.E.2d 157, the statutes in question contained provisions either requiring retroactive application (*Cleveland Trust* ), or finding the rights to be remedial, not substantive (*Morgan* ). Moreover, both cases preceded *Van Fossen*, which indicated that, where the terms of a statute render it applicable to cases pending on its effective date, there must be an expressed legislative intent that the statute be applied retrospectively. *Van Fossen*, 36 Ohio St.3d at 106, 522 N.E.2d at 495.

Cigna further draws this court's attention to our previous decision in *Gates v. Brewer* (1981), 2 Ohio App.3d 347, 349, 2 OBR 392, 394, 442 N.E.2d 72, 75, in which we stated that:

" * * * By placing a blanket of confidentiality over such disciplinary and review proceedings, the legislature has provided for a manner in which a hospital or medical association may take remedial measures for the improvement of the care and treatment of the patients. If said proceedings were the subject of discovery, the candid and conscientious opinions or evaluations necessary to the success of such a review would remain hidden for fear of their use of civil action brought against a hospital or colleague. * * * "

However, in *Cigna I*, 64 Ohio App.3d at 828, 582 N.E.2d at 1152, we stated:

" * * * Even conceding that the purpose of R.C. 2305.25 is to increase the quality of public health care by providing immunity to quality assurance review

proceedings, the General Assembly has achieved this purpose only to the extent it provides immunity to the groups enumerated in the statute. This court will not read into R.C. 2305.25 medical institutions or groups not specifically identified by the legislature. * * * "

■ Having concluded the amendment to R.C. 2305.25 is not applicable to appellee's discovery action, we continue to abide by our earlier decision that, without statutory authority, Cigna is not entitled to the prohibition against discovery it seeks. In amending R.C. 2305.25, the legislature did not speak retrospectively. Therefore, we take the same position as was expressed in *Cigna I.*

■ Having determined that the amended version of R.C. 2305.25 does not apply to this matter, we conclude that Cigna lacks a substantial right which must be protected by interlocutory appeal. Nor was the proceeding below a "special proceeding" which requires immediate review because a post-judgment appeal is not practicable. *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 258, 21 O.O.3d 158, 161, 423 N.E.2d 452, 455; see, also, *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 538 N.E.2d 419; *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877; *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865.

Cigna has failed to demonstrate that the trial court's entry ordering Cigna to respond to Lomano's second set of interrogatories constituted a "final appealable order" as defined in R.C. 2505.02. Finding no final order, we dismiss Cigna's appeal.

*Appeal dismissed.*

JOHN C. YOUNG, P.J., and DESHLER, J., concur.